In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title to the Real Property Required for the Opening and Extending of Exterior Street from East 138th Street to East 144th Street; Grand Concourse from East 138th Street to East 140th Street; the Street Area Bounded by East 138th Street, Mott Avenue, the Westerly Right-of-Way Line of the New York Central Railroad Company and Exterior Street; East 135th Street from Park Avenue to Lincoln Avenue and the Street Area Bounded by Lincoln Avenue, East 135th Street, Cypress Avenue, Southern Boulevard, a Line 200 Feet Easterly from and Parallel with St. Ann's Avenue and East 134th Street Where Not Heretofore Acquired for Street Purposes and Excluding the Land of the Interborough Rapid Transit Company, in the Borough of the Bronx, City of New York. (Damage Parcel No. 309.)  LEAF REALTY CORPORATION and MARY SICA, Claimants.*

Supreme Court, Special Term, Bronx County, June 8, 1938.

*Probst & Probst* [*David Weinstein* of counsel], for the Leaf Realty Corporation.

* Affd. without opinion, 255 App. Div. 767.

*Vincent A. Distasio* [*Howard C. Kelly* of counsel], for Mary Sica.

*Paul Windels, Corporation Counsel,* for the city of New York.

McLaughlin (Charles B.), J. Upon the settlement of the order herein the court received an application for leave to reargue. This application cannot be granted. A thorough analysis of the transaction forming the subject-matter of this litigation reveals that the deed given did not in any way constitute a mortgage.

When a deed is sought to be established as a mortgage it must appear to the satisfaction of the court that a debt existed and that the deed was given as security for payment of it. It is settled law that where there is no debt there can be no mortgage. (*Bascombe v. Marshall,* 129 App. Div. 516; *Kraemer v. Adelsberger,* 122 N. Y. 467, 476; *Saxton v. Hitchcock,* 47 Barb. 220, 225.) The transaction now before the court is not based upon nor does it refer to any idea of security for a mortgage debt. According to the terms of the escrow agreement, the deed represented a sale and was to be held by Distasio until the performance of a stated condition. The time fixed for the performance of that condition was three months. At the end of this period, the condition not having been performed, the deed was properly transferred to the one who stood in the position of grantor in the underlying contract of sale. This transaction was in no sense a mortgage. It was a contract of conveyance and reconveyance. A contract to reconvey upon a stated condition is not such defeasance as will convert a deed absolute into a mortgage. (*Reading v. Weston,* 7 Conn. 143.)

The conduct of the moving party also necessitates a denial of this motion. This party stood by and did nothing while its opponent caused substantial repairs to be made upon the property. These were made in reliance upon the default of the Leaf Realty Corporation with regard to the escrow agreement. If the moving party were to seek relief in equity by way of specific performance such conduct on its part would constitute a good defense to such an action. (*Peters v. Delaplaine,* 49 N. Y. 362; *Groesbeck v. Morgan,* 206 id. 385.) It is equally a complete defense to this motion. It has been called to the attention of the court that the proposed order now before it does not fully and properly dispose of the matter.

Settle new order accordingly.