[Civ. No. 21809.   Second Dist., Div. One.   Oct. 23, 1956.]

VIRGINIA MAECHERLEIN, Respondent, v. SEALY MATTRESS COMPANY (a Corporation), Appellant.

Moss, Lyon & Dunn, Arvin H. Brown, Jr., and Henry F. Walker for Appellant.

Downey A. Grosenbaugh and Grayce M. Smith for Respondent.

DORAN, J.—After a trial by jury, a judgment was entered in favor of plaintiff-respondent in the sum of $3,000 for personal injuries sustained when a spring came through a mattress manufactured by the appellant, and purchased from a Los Angeles retail dealer who was not an agent of the appellant.

In the language of appellant's brief, "After plaintiff and her husband had used the same for a year or year and a half, they noticed it was getting soft in the center; there was a lumping or bunching. Several years later, i.e., in April of 1953 more than five years after their said purchase, plaintiff, according to her testimony, was awakened when a spring came through the mattress and, in the words of her pleading, 'penetrated into the said plaintiff's gluteal prominence.' "

Recovery was sought on two theories, namely, "Manufacturer's Express Warranty," and "Res Ipsa Loquitur." There was testimony that the plaintiff placed reliance on billboard and radio advertising and upon a 10-year warranty evidenced by a label on the mattress, to which attention had been called by the seller. Shortly after the accident plaintiff's husband talked with the seller who picked up the mattress and took

it to the defendant where it was repaired. Plaintiff was given an exchange mattress.

It is appellant's contention that there is lack of evidence of negligence and of express warranty; that the res ipsa loquitur doctrine is inapplicable, and that the trial court's instructions to the jury were erroneous. Appellant also complains that essential elements for recovery on an express warranty were not proven, particularly in reference to reliance on such warranty; that "The claimed guarantee was restricted to structural defects and did not encompass personal injury damage," and that there was "Lack of timely notice of plaintiff's intention to claim damages by reason of the claimed breach."

In respect to the alleged insufficiency of evidence, a survey of the record discloses substantial evidence in support of the verdict and judgment. Such being the case, the well established rule of appellate review prohibits any revaluation of the weight and sufficiency of the evidence. This was a matter within the province of the jury which rendered a verdict in favor of the respondent.

█ The appellant complains of the instruction, (B.A.J.I. No. 206-B), given at plaintiff's request, on the res ipsa loquitur doctrine. This instruction told the jury that "From the happening of the accident involved in this case, *as established by the evidence,* there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over contrary evidence, it warrants a verdict for the plaintiff. Therefore you should weigh any evidence tending to overcome the inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that it did in fact, exercise ordinary care and diligence or that the accident occurred without being proximately caused by any failure of duty on its part." (Italics added.)

As stated in respondent's brief, "the instruction must be considered in its entirety and . . . in the light of all of the other instructions given. It is improper to single out a portion of any given instruction," such as the italicized words, "as established by the evidence" in the above quoted instruction. Moreover, the quoted phrase was not incorrect or prejudicial, since "both Mr. and Mrs. Maecherlein testified to the occurrence," and "there was corroborative evidence that the mat-

tress was immediately returned. . . .'' Therefore, the ''happening of the accident'' was ''established by substantial evidence. . . .''

■ There is no merit in the appellant's argument that the doctrine of res ipsa loquitur ''is not applicable in this case.'' Although the final decision rested with the jury, there was substantial evidence justifying submission of this issue. There was evidence that every tenth mattresses were pulled off the line and inspected, and, as the respondent says, the jury might reasonably infer that such inspection did not constitute ordinary care.

■ As said in respondent's brief, ''Having made an express warranty the rule of foreseeability follows. In a case such as this where there has been a breach of guarantee on the structure of the mattress and a spring protruded with the force and power which occurred in this case, the natural and foreseeable consequences are that a person resting on the mattress will sustain a personal injury.'' Even without a guarantee, a manufacturer may be held liable in such a case under appropriate evidence. There is nothing to show on which theory the jury decided in favor of the plaintiff, but there is substantial evidence in support of the verdict.

■ Appellant's contention that there was ''Lack of timely notice of plaintiff's intention to claim damages by reason of the claimed breach,'' must be deemed untenable. Adequate notice was promptly given within a few days after the accident occurred. Appellant's argument that notice should have been given within a year and a half after purchasing the mattress because it was ''bunching and sagging and lumping,'' would require plaintiff to anticipate that a broken spring would ultimately protrude and result in the injury. The defendant's expert witness testified that this bunching of the mattress would not indicate that there was a broken spring.

The record indicates that the defendant manufacturer has been accorded a full and fair trial of all issues, that there is substantial evidence in support of the verdict and that appellant has suffered no prejudice either in respect to the instructions given, or otherwise.

The judgment, and order denying defendant's motion for judgment notwithstanding the verdict, are affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied November 13, 1956.