[L. A. No. 26976. In Bank. Jan. 24, 1963.]

WILLIAM B. GREENMAN, Plaintiff and Appellant, v.
YUBA POWER PRODUCTS, INC., Defendant and Appellant; THE HAYSEED, Defendant and Respondent.

Reed, Brockway & Ruffin and William F. Reed for Plaintiff and Appellant.

Holt, Macomber, Graham & Baugh and William H. Macomber for Defendant and Appellant.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker as Amici Curiae on behalf of Defendant and Appellant.

No appearance for Defendant and Respondent.

TRAYNOR, J.—Plaintiff brought this action for damages against the retailer and the manufacturer of a Shopsmith, a combination power tool that could be used as a saw, drill, and wood lathe. He saw a Shopsmith demonstrated by the retailer and studied a brochure prepared by the manufacturer. He decided he wanted a Shopsmith for his home workshop, and his wife bought and gave him one for Christmas in 1955. In 1957 he bought the necessary attachments to use the Shopsmith as a lathe for turning a large piece of wood he wished to make into a chalice. After he had worked on the piece of wood several times without difficulty, it suddenly flew out of the machine and struck him on the forehead, inflicting serious injuries. About 10½ months later, he gave the retailer and the manufacturer written notice of claimed breaches of warranties and filed a complaint against them alleging such breaches and negligence.

After a trial before a jury, the court ruled that there was no evidence that the retailer was negligent or had breached any express warranty and that the manufacturer was not liable for the breach of any implied warranty. Accordingly, it submitted to the jury only the cause of action alleging breach of implied warranties against the retailer and the causes of action alleging negligence and breach of express warranties against the manufacturer. The jury returned a verdict for the retailer against plaintiff and for plaintiff against the manufacturer in the amount of $65,000. The trial court denied the manufacturer's motion for a new trial and

entered judgment on the verdict. The manufacturer and plaintiff appeal. Plaintiff seeks a reversal of the part of the judgment in favor of the retailer, however, only in the event that the part of the judgment against the manufacturer is reversed.

Plaintiff introduced substantial evidence that his injuries were caused by defective design and construction of the Shopsmith. His expert witnesses testified that inadequate set screws were used to hold parts of the machine together so that normal vibration caused the tailstock of the lathe to move away from the piece of wood being turned permitting it to fly out of the lathe. They also testified that there were other more positive ways of fastening the parts of the machine together, the use of which would have prevented the accident. The jury could therefore reasonably have concluded that the manufacturer negligently constructed the Shopsmith. The jury could also reasonably have concluded that statements in the manufacturer's brochure were untrue, that they constituted express warranties,[1] and that plaintiff's injuries were caused by their breach.

The manufacturer contends, however, that plaintiff did not give it notice of breach of warranty within a reasonable time and that therefore his cause of action for breach of warranty is barred by section 1769 of the Civil Code. Since it cannot be determined whether the verdict against it was based on the negligence or warranty cause of action or both, the manufacturer concludes that the error in presenting the warranty cause of action to the jury was prejudicial.

Section 1769 of the Civil Code provides: ''In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor.''

 █ Like other provisions of the Uniform Sales Act (Civ.

---

[1] In this respect the trial court limited the jury to a consideration of two statements in the manufacturer's brochure. (1) "When Shopsmith Is in Horizonal Position—Rugged construction of frame provides rigid support from end to end. Heavy centerless-ground steel tubing insures perfect alignment of components." (2) "Shopsmith maintains its accuracy because every component has positive locks that hold adjustments through rough or precision work."

Code, §§ 1721-1800), section 1769 deals with the rights of the parties to a contract of sale or a sale. It does not provide that notice must be given of the breach of a warranty that arises independently of a contract of sale between the parties. Such warranties are not imposed by the sales act, but are the product of common-law decisions that have recognized them in a variety of situations. (See *Gagne* v. *Bertran*, 43 Cal.2d 481, 486-487 [275 P.2d 15], and authorities cited; *Peterson* v. *Lamb Rubber Co.*, 54 Cal.2d 339, 348 [5 Cal.Rptr. 863, 353 P.2d 575]; *Klein* v. *Duchess Sandwich Co., Ltd.*, 14 Cal.2d 272, 276-283 [93 P.2d 799]; *Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682, 695-696 [268 P.2d 1041]; *Souza & McCue Constr. Co., Inc.* v. *Superior Court*, 57 Cal.2d 508, 510-511 [20 Cal.Rptr. 634, 370 P.2d 338].) It is true that in many of these situations the court has invoked the sales act definitions of warranties (Civ. Code, §§ 1732, 1735) in defining the defendant's liability, but it has done so, not because the statutes so required, but because they provided appropriate standards for the court to adopt under the circumstances presented. (See *Clinkscales* v. *Carver*, 22 Cal.2d 72, 75 [136 P.2d 777]; *Dana* v. *Sutton Motor Sales*, 56 Cal.2d 284, 287 [14 Cal.Rptr. 649, 363 P.2d 881].)

 The notice requirement of section 1769, however, is not an appropriate one for the court to adopt in actions by injured consumers against manufacturers with whom they have not dealt. (*La Hue* v. *Coca-Cola Bottling, Inc.*, 50 Wn.2d 645 [314 P.2d 421, 422]; *Chapman* v. *Brown*, 198 F. Supp. 78, 85, affd. *Brown* v. *Chapman*, 304 F. 2d 149.) "As between the immediate parties to the sale [the notice requirement] is a sound commercial rule, designed to protect the seller against unduly delayed claims for damages. As applied to personal injuries, and notice to a remote seller, it becomes a booby-trap for the unwary. The injured consumer is seldom 'steeped in the business practice which justifies the rule,' [James, *Product Liability*, 34 Texas L. Rev. 44, 192, 197] and at least until he has had legal advice it will not occur to him to give notice to one with whom he has had no dealings." (Prosser, *Strict Liability to the Consumer*, 69 Yale L. J. 1099, 1130, footnotes omitted.) It is true that in *Jones* v. *Burgermeister Brewing Corp.*, 198 Cal.App.2d 198, 202-203 [18 Cal.Rptr. 311], *Perry* v. *Thrifty Drug Co.*, 186 Cal. App.2d 410, 411 [9 Cal.Rptr. 50], *Arata* v. *Tonegato*, 152 Cal.App.2d 837, 841 [314 P.2d 130], and *Maecherlein* v.

*Sealy Mattress Co.*, 145 Cal.App.2d 275, 278 [302 P.2d 331], the court assumed that notice of breach of warranty must be given in an action by a consumer against a manufacturer. Since in those cases, however, the court did not consider the question whether a distinction exists between a warranty based on a contract between the parties and one imposed on a manufacturer not in privity with the consumer, the decisions are not authority for rejecting the rule of the *La Hue* and *Chapman* cases, *supra*. (*Peterson* v. *Lamb Rubber Co.*, 54 Cal.2d 339, 343 [5 Cal.Rptr. 863, 353 P.2d 575]; *People* v. *Banks*, 53 Cal.2d 370, 389 [1 Cal.Rptr. 669, 348 P.2d 102].)

■ We conclude, therefore, that even if plaintiff did not give timely notice of breach of warranty to the manufacturer, his cause of action based on the representations contained in the brochure was not barred.

Moreover, to impose strict liability on the manufacturer under the circumstances of this case, it was not necessary for plaintiff to establish an express warranty as defined in section 1732 of the Civil Code.[2] ■ A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being. Recognized first in the case of unwholesome food products, such liability has now been extended to a variety of other products that create as great or greater hazards if defective. (*Peterson* v. *Lamb Rubber Co.*, 54 Cal.2d 339, 347 [5 Cal.Rptr. 863, 353 P.2d 575] [grinding wheel]; *Vallis* v. *Canada Dry Ginger Ale, Inc.*, 190 Cal.App.2d 35, 42-44 [11 Cal.Rptr. 823] [bottle]; *Jones* v. *Burgermeister Brewing Corp.*, 198 Cal. App.2d 198, 204 [18 Cal.Rptr. 311] [bottle]; *Gottsdanker* v. *Cutter Laboratories*, 182 Cal.App.2d 602, 607 [6 Cal.Rptr. 320] [vaccine]; *McQuaide* v. *Bridgeport Brass Co.*, 190 F. Supp. 252, 254 [insect spray]; *Bowles* v. *Zimmer Manufacturing Co.*, 277 F. 2d 868, 875 [surgical pin]; *Thompson* v. *Reedman*, 199 F. Supp. 120, 121 [automobile]; *Chapman* v. *Brown*, 198 F. Supp. 78, 118, 119, affd. *Brown* v. *Chapman*, 304 F. 2d 149 [skirt]; *B. F. Goodrich Co.* v. *Hammond*, 269 F. 2d 501, 504 [automobile tire]; *Markovich* v. *McKesson & Robbins, Inc.*, 106 Ohio App. 265 [149 N.E. 2d 181, 186-188]

[2] "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

[home permanent]; *Graham* v. *Bottenfield's, Inc.*, 176 Kan. 68 [269 P.2d 413, 418] [hair dye]; *General Motors Corp.* v. *Dodson*, 47 Tenn.App. 438 [338 S.W. 2d 655, 661] [automobile]; *Henningsen* v. *Bloomfield Motors, Inc.*, 32 N.J. 358 [161 A. 2d 69, 76-84, 75 A.L.R. 2d 1] [automobile]; *Hinton* v. *Republic Aviation Corp.*, 180 F. Supp. 31, 33 [airplane].)

 Although in these cases strict liability has usually been based on the theory of an express or implied warranty running from the manufacturer to the plaintiff, the abandonment of the requirement of a contract between them, the recognition that the liability is not assumed by agreement but imposed by law (see e.g., *Graham* v. *Bottenfield's, Inc.*, 176 Kan. 68 [269 P.2d 413, 418]; *Rogers* v. *Toni Home Permanent Co.*, 167 Ohio St. 244 [147 N.E. 2d 612, 614, 75 A.L.R. 2d 103]; *Decker & Sons* v. *Capps*, 139 Tex. 609, 617 [164 S.W. 2d 828, 142 A.L.R. 1479]), and the refusal to permit the manufacturer to define the scope of its own responsibility for defective products (*Henningsen* v. *Bloomfield Motors, Inc.*, 32 N.J. 358 [161 A. 2d 69, 84-96, 75 A.L.R. 2d 1]; *General Motors Corp.* v. *Dodson*, 47 Tenn.App. 438 [338 S.W. 2d 655, 658-661]; *State Farm Mut. Auto Ins. Co.* v. *Anderson-Weber, Inc.*, 252 Iowa 1289 [110 N.W. 2d 449, 455-456]; *Pabon* v. *Hackensack Auto Sales, Inc.*, 63 N.J. Super. 476 [164 A. 2d 773, 778]; *Linn* v. *Radio Center Delicatessen*, 169 Misc. 879 [6 N.Y.S. 2d 110, 112]) make clear that the liability is not one governed by the law of contract warranties but by the law of strict liability in tort. Accordingly, rules defining and governing warranties that were developed to meet the needs of commercial transactions cannot properly be invoked to govern the manufacturer's liability to those injured by its defective products unless those rules also serve the purposes for which such liability is imposed.

We need not recanvass the reasons for imposing strict liability on the manufacturer. They have been fully articulated in the cases cited above. (See also 2 Harper and James, Torts, §§ 28.15-28.16, pp. 1569-1574; Prosser, *Strict Liability to the Consumer*, 69 Yale L.J. 1099; *Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453, 461 [150 P.2d 436], concurring opinion.) The purpose of such liability is to insure that the costs of injuries resulting from defective products are borne by the manufacturers that put such products on the market rather than by the injured persons who are powerless to protect themselves. Sales warranties serve this purpose

64

fitfully at best. (See Prosser, *Strict Liability to the Consumer*, 69 Yale L.J. 1099, 1124-1134.) In the present case, for example, plaintiff was able to plead and prove an express warranty only because he read and relied on the representations of the Shopsmith's ruggedness contained in the manufacturer's brochure. Implicit in the machine's presence on the market, however, was a representation that it would safely do the jobs for which it was built. Under these circumstances, it should not be controlling whether plaintiff selected the machine because of the statements in the brochure, or because of the machine's own appearance of excellence that belied the defect lurking beneath the surface, or because he merely assumed that it would safely do the jobs it was built to do. It should not be controlling whether the details of the sales from manufacturer to retailer and from retailer to plaintiff's wife were such that one or more of the implied warranties of the sales act arose. (Civ. Code, § 1735.) "The remedies of injured consumers ought not to be made to depend upon the intricacies of the law of sales." (*Ketterer* v. *Armour & Co.*, 200 F. 322, 323; *Klein* v. *Duchess Sandwich Co., Ltd.*, 14 Cal.2d 272, 282 [93 P.2d 799].) To establish the manufacturer's liability it was sufficient that plaintiff proved that he was injured while using the Shopsmith in a way it was intended to be used as a result of a defect in design and manufacture of which plaintiff was not aware that made the Shopsmith unsafe for its intended use.

The manufacturer contends that the trial court erred in refusing to give three instructions requested by it. It appears from the record, however, that the substance of two of the requested instructions was adequately covered by the instructions given and that the third instruction was not supported by the evidence.

The judgment is affirmed.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.