Velma **COSPER** et al., Appellants,

v.

**GENERAL MOTORS CORPORATION**
et al., Appellees.

No. 4481.

Court of Civil Appeals of Texas,
Eastland.

Oct. 15, 1971.

Rehearing Denied Nov. 12, 1971.

John Watts, Odessa, for appellants.

McMahon, Smart, Sprain, Wilson & Camp (J. M. Lee), Pope, Dickenson, Batjer & Glandon (Robert D. Batjer, Jr.), Abilene, Strasburger, Price, Kelton, Martin & Unis (Royal H. Brin, Jr.), Dallas, for appellees.

WALTER, Justice.

Velma Cosper filed suit against General Motors Corporation, Chevrolet Motor division, and Taylor Chevrolet Company of Abilene under the wrongful death statute for the death of her husband, Stacy E. Cosper. She alleged a cause of action against GMC under the doctrine of strict liability, breach of express and implied warranty and negligence. Under strict liability she alleged: "General Motors Corporation became strictly liable, regardless of any negligence, to furnish said deceased a vehicle which was safe for the use and plaintiff alleges in this connection, that the vehicle as sold by the defendant, General Motors, was unsafe for the use due to the fact that many holes were present in said vehicle which permitted carbon monoxide gas to escape into the cab of the truck where plaintiff's deceased husband was sleeping, thereby asphyxiating him and causing his death, and hence, the defendant, General Motors, is strictly liable on account of the act of said defendant in furnishing to the deceased's employer, the said unsafe vehicle, and plaintiff herenow prays judgment for damages under the doctrine of strict liability on the part of the defendant, General Motors." She alleged three acts of negligence against Taylor Chevrolet which she says were the proximate cause of Mr. Cosper's death and also asserted that Taylor Chevrolet was liable under the doctrine of strict liability.

The court granted GMC and Taylor Chevrolet's motions for summary judgment and the plaintiff has appealed. She contends the appellees did not establish by their summary judgment proof, as a matter of law, that there were no genuine issues of fact as to one or more of the essential elements of her cause of action.

In Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex. Supreme Court 1970) the Court said:

"In such cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action."

"Inasmuch as the affidavit testimony of Miller did not establish as a matter of law that a defect in the ball-joint did not exist when the pickup left the factory, the plaintiffs did not have the burden, to avoid summary judgment, of going forward with evidence of like quality. See Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85 (1954)."

GMC contends: "It is not merely that Appellant here failed to produce evidence of the essential elements of her cause of action, but that the record affirmatively

establishes that she is unable to do so." This contention is answered contrary to GMC's contention by the Supreme Court in Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85 (1954) wherein the Court said:

"The failure of one party in a hearing upon a motion for summary judgment to discharge the burden which would rest on him at a trial on the merits is no ground for a summary judgment in favor of the other party. In order to be entitled to a summary judgment, the burden rests upon the landlord to prove that he is entitled thereto as a matter of law."

Stacy E. Cosper died as a result of inhaling a fatal dose of carbon monoxide fumes while sleeping in a 1966 Chevrolet pickup truck while the motor was running. GMC moved for a summary judgment based on the pleadings and oral depositions of appellants' expert witnesses. Taylor Chevrolet Company also relied on the depositions and further stated: "It is therefore contended by the defendant, Taylor Chevrolet Company of Abilene, that said deceased was guilty of volenti non fit injuria as a matter of law and that no genuine issue of fact exists in this case to be decided in relation to any alleged liability on the part of this defendant."

We have tried to follow the rules set forth in Great American R. Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Supreme Court 1965) and the cases therein cited and Gibbs v. General Motors Corporation, supra, in disposing of this summary judgment case.

Ernest L. Holt's deposition reveals that he worked as a mechanic for Waddell Chevrolet Company in Winters, Texas, and he testified substantially as follows: Mr. Cosper drove the Chevrolet pickup in question into our shop and the work order "shows that I replaced the spindle and the knuckle and bearings and backing plate and brake adjusting part. That's all we done to it. I didn't have nothing to do with the

exhaust system. Not a thing." I told Mr. Cosper to get the exhaust pipe fixed because it was dangerous to drive it in that condition. We didn't have a pipe in stock and we would have had to order it and Cosper said he didn't "have time to wait because he had to get back to work". I told him that it was broke at the manifold and he had better get it fixed because it was dangerous to drive it that way. I didn't take it off and look at it but it was "roaring". When asked "No, but that would mean that there was something wrong with the exhaust system?" He answered "He could have run over something and broken it loose; yeah, that's right."

Appellees rely on Rabb v. Coleman, 469 S.W.2d 384 (Supreme Court 1971) in support of their contention that the assumed risk doctrine of volenti non fit injuria has been established as a matter of law. Ordinarily issues under this affirmative defense present fact questions. In determining whether a fact issue is presented in this case, we do not consider Rabb v. Coleman as controlling because the facts are different.

In Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Supreme Court 1963) the Court said:

"The test in 'no duty' and volenti, however, is subjective: did plaintiff know and appreciate. Comment 'c' § 496D of the Proposed Restatement of Torts, Second, supra, footnote 3, states, 'The standard to be applied is a subjective one, of what the particular plaintiff in fact sees, knows, understands and appreciates. In this it differs from the objective standard which is applied to contributory negligence.' "

Justice Greenhill in Baylor Law Review Vol. XVI, Number 2, on the subject of "Assumption of Risk" says:

"In volenti cases, there must be an additional finding that the plaintiff volun-

tarily exposed himself to the known and appreciated danger."

In Darryl v. Ford Motor Company, 440 S.W.2d 630, on page 632 (Supreme Court 1969) the Court said:

"This Court in the McKisson case [McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.Sup.1967)] extended the strict liability doctrine to products other than foodstuffs. To exclude circumstantial evidence that the product was defective at the time of the sale would frustrate the beneficial purposes of the doctrine. It would be equally difficult, if not impossible, for the plaintiff to rebut by direct evidence all of the conceivable possibilities which would account for the defective condition other than the existence of the defect at the time of the sale. Such direct evidence should not be required, particularly when dealing with a latent defect."

and on page 633 said:

"A manufacturer who places in commerce a product rendered dangerous to life or limb by reason of some defect is strictly liable in tort to one who sustains injury because of the defective condition. Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049 (1962); Mitchell v. Miller, supra [26 Conn.Sup. 142, 214 A.2d 694]."

We hold that this record does not establish as a matter of law that Cosper knew and appreciated the danger that caused his death. After considering all of the summary judgment proof we are of the opinion that the record does not conclusively establish as a matter of law that there are no genuine issues of fact as to one or more of the essential elements of appellants' cause of action.

The judgment is reversed and the cause is remanded.