[Civ. No. 41483. Second Dist., Div. Four. Dec. 5, 1973.]

DAVID MITCHEL HYMAN, a Minor, etc., Plaintiff and Appellant, v. STANLEY J. GORDON, Defendant and Respondent.

COUNSEL

Terence J. Mix for Plaintiff and Appellant.

Carl M. Hovland, Shield & Smith and Richard F. Runkle for Defendant and Respondent.

OPINION

JEFFERSON, J.—Plaintiff David Mitchel Hyman, a minor, by his mother Rosalea Hyman as guardian ad litem, brought this action for personal injuries against defendants Ernest Mahan, Stanley Gordon and Arthur Peterson.

Since this appeal involves the correctness of an order granting a nonsuit on certain causes of action, the evidence most favorable to plaintiff will be stated. On April 2, 1969, plaintiff, a boy of approximately nine years of age, was in the garage of his neighbor, Ernest Mahan, in the company of Mahan's young son Ronald. The boys had been painting model airplanes and, at Ronald's suggestion, were looking for a solvent or cleaner for the paint on their hands. Mahan, the owner of the residence and garage, had been doing some inside painting in his home, and had left some paint brushes soaking in gasoline in an open coffee can on the garage floor. Plaintiff inadvertently knocked over the can, and gasoline flowed in the direction of a gas-fired water heater located four or five feet away in a corner of the garage. Seconds later the gasoline ignited, and in the resultant fire, the plaintiff sustained severe burns to his left leg from the knee to the ankle.

Plaintiff's amended complaint stated four causes of action against the various defendants. The first cause of action, alleging negligence on the part of the homeowner, Mahan, was dismissed as the result of settlement. The second cause of action alleged negligence on the part of the builder of the Mahan home, Gordon, and the plumbing contractor who had installed the water heater, Peterson. The third cause of action, for breach of warranty, was withdrawn by the plaintiff. The final cause of action sought to hold both Gordon and Peterson strictly liable in tort.

The trial court nonsuited plaintiff as to Peterson on both the negligence and strict liability allegations; it nonsuited plaintiff also on the allegation that Gordon, the home builder, was strictly accountable in tort. Only the issue of negligence on Gordon's part went to the jury, which found for defendant Gordon. Plaintiff appeals only from the judgment on the jury

verdict in favor of defendant Gordon. He does not appeal from the earlier judgment of nonsuit in favor of Peterson. The sufficiency of the evidence against Peterson is therefore not involved in this appeal. The notice of appeal also refers to the order denying plaintiff's motions for a new trial against defendant Gordon, which is not an appealable order.

Plaintiff contends that the trial court committed reversible error when it nonsuited plaintiff as to Gordon for strict liability. We agree.

"A nonsuit in a jury case or a directed verdict may be granted only when disregarding conflicting evidence, giving to the plaintiff's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence in plaintiffs' favor, it can be said that there is no evidence to support a jury verdict in their favor. [Citations.]" (*Elmore* v. *American Motors Corp.*, 70 Cal.2d 578, 583 [75 Cal.Rptr. 652, 451 P.2d 84, 33 A.L.R.3d 406].)

Defendant argues that the nonsuit was proper because there was no evidence before the jury showing that the water heater in question was defective in any way. Plaintiff's allegation of a defect was not, however, based upon the failure of the water heater to function properly due to a defect, thereby causing plaintiff's injuries, but rather that the injuries were proximately caused by the fact that defendant Gordon had selected a defective location for the water heater, i.e., the garage floor, where fires such as the one which occurred would be more likely to occur.

The issue presented is whether the selection of an allegedly defective location for an article may give rise to application of the doctrine of strict liability in tort. The strict liability doctrine was adopted in California in the landmark decision of *Greenman* v. *Yuba Power Products, Inc.*, 59 Cal. 2d 57, 62, 64 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049], which stated: "A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being. . . . To establish the manufacturer's liability it was sufficient that plaintiff proved that he was injured while using the [article] in a way it was intended to be used as a result of a defect in design and manufacture of which plaintiff was not aware that made the [article] unsafe for its intended use."

Following the *Greenman* decision, the doctrine was extended to include other entities participating in placing products on the market; it was extended to include not only manufacturers but retailers (*Vandermark* v. *Ford Motor Co.*, 61 Cal.2d 256, 263 [37 Cal.Rptr. 896, 391 P.2d 168]), bailors

and lessors (*Price* v. *Shell Oil Co.,* 2 Cal.3d 245, 248 [85 Cal.Rptr. 178, 466 P.2d 722]), wholesalers and distributors (*Barth* v. *B. F. Goodrich Tire Co.,* 265 Cal.App.2d 228, 252-253 [71 Cal.Rptr. 306]) sellers of mass-produced homes (*Kriegler* v. *Eichler Homes, Inc.,* 269 Cal.App.2d 224, 227 [74 Cal.Rptr. 749]) and to sellers of building lots (*Avner* v. *Longridge Estates,* 272 Cal.App.2d 607 [77 Cal.Rptr. 633]). The doctrine of strict liability in tort has also been extended beyond the consumer to family members and bystanders whose injuries could be foreseen. (*Elmore,* cited *supra,* p. 586.)

"But throughout the development of the *Greenman* rule we have said very little to explain what we meant in that case by a 'defect' which would give rise to liability if the injury were proximately caused thereby." (*Cronin* v. *J.B.E. Olson Corp.,* 8 Cal.3d 121, 130 [104 Cal.Rptr. 433, 501 P.2d 1153].) In *Cronin,* cited *supra,* page 134, the court concluded that "A defect may emerge from the mind of the designer as well as from the hand of the workman."

In the light of the above discussion, it seems clear that the doctrine may be applied where, as the proximate result of a defect in the design of a residential building, and installation of an article pursuant thereto, injury results to a human being. It is possible that an article or a machine may function safely in one location in the design but not another. The gist of plaintiff's allegation in the present case is simply that the Mahan building plan was defective in causing the water heater to be installed on the floor of the garage. The evidence showed that the plumbing contractor, Peterson, had installed the heater on the garage floor of the home with the pilot light and burners elevated four to six inches above the garage floor. Plaintiff testified that, within seconds after he kicked over the can containing the gasoline, the fire exploded in the garage. We conclude that there was sufficient evidence before the jury to preclude nonsuit as to the designer. The determination of whether the presence of the water heater in the garage location constituted a defective design, and the foreseeability of harm resulting therefrom, should have been left to the jury. It was for the jury to balance the likelihood of harm and the gravity of the harm as opposed to the burden of precautions which would effectively have avoided it. (*Pike* v. *Frank G. Hough Co.,* 2 Cal.3d 465, 470 [85 Cal. Rptr. 629, 467 P.2d 229]; *Thompson* v. *Package Machinery Co.,* 22 Cal. App.3d 188, 196 [99 Cal.Rptr. 281].)

Since the strict liability doctrine applies to a "seller . . . engaged in the business of selling such a product" rather than to the occasional seller

who is not engaged in that activity as part of his business (Rest. 2d Torts, § 402A), and the evidence showed that Gordon was actively engaged in his occupation when Gordon designed the water heater location and Peterson installed the heater, the trial court's nonsuit of the strict liability cause of action was error.

Plaintiff has advanced another argument in support of his contention that the jury verdict for defendant Gordon on the issue of negligence was not a proper one. Since we have concluded that the additional argument has merit, and the case must of necessity be retried, we will discuss that argument herein for the guidance of the trial court on retrial.

Plaintiff contends that the trial court committed reversible error when it refused to allow plaintiff's expert, Gordon Ostby, to testify that, in his opinion, the design of the Mahan home in placing the water heater where it was constituted a fire hazard. The expert offered had for many years been a fireman for the City of Los Angeles; he had conducted numerous inspections of buildings for the purpose of locating fire hazards, and had regularly advised other professionals, including builders and architects, regarding fire safety. The trial court rejected his testimony, apparently on the ground that he could offer nothing relevant concerning the particular item of construction in issue here, i.e., a water heater. Admittedly, Ostby was not a plumbing or building expert; his expertise related to fires and fire hazards. As we have indicated previously, plaintiff did not seek to attack the internal construction of the water heater as defective; his allegation was that the *design* was defective because it constituted a fire hazard. Under these circumstances, Ostby should have been allowed to testify. Evidence Code section 720 states that a "person is qualified to testify as an expert if he has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert *on the subject to which his testimony relates.*" (Italics added.) Evidence Code section 801 provides that "If a witness is testifying as an expert, his testimony in the form of an opinion is limited to such an opinion as is: (a) Related to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact. . . ."

Ostby was well qualified to offer what information he possessed concerning fire hazards and the properties of gasoline in relation to allegedly defective house design, subjects beyond the common knowledge of most jurors. (See *Manney* v. *Housing Authority,* 79 Cal.App.2d 453 [180 P.2d

69]; *George* v. *Bekins Van & Storage Co.,* 33 Cal.2d 834 [205 P.2d 1037].) The refusal to allow his testimony, in our view, constituted an abuse of discretion on the part of the trial court, and reversible error.

The judgment appealed from is reversed.

Files, P. J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 31, 1974.