Filed 9/23/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ISAI LOPEZ RIVERA et al., <br><br>    Plaintiffs and Petitioners, <br><br> v. <br><br> THE SUPERIOR COURT OF VENTURA COUNTY, <br><br>    Respondent; <br><br> FORD MOTOR COMPANY, <br><br>    Real Party in Interest. | 2d Civil No. B334522 <br> (Super. Ct. No. 56-2022-00568507-CU-BC-VTA) <br> (Ventura County) |

     Third parties often benefit from a provision in a contract between other parties.  But such benefit alone, does not mean a contract was made to benefit third parties.

     Petitioners Isai Lopez Rivera and Helen Espinosa brought this action under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.), known as the "lemon law," after repeated attempts to repair their Ford truck failed.  They named real party in interest Ford Motor Co. (FMC) and Ford of Ventura, Inc.

as defendants.  FMC manufactured the truck.  Ford of Ventura is the authorized service center that attempted the repairs. Petitioners did not name the selling dealer as a defendant.

FMC moved to compel arbitration based on a provision in the sale contract between petitioners and the non-party dealer. The trial court granted the motion.  It found FMC could enforce the arbitration provision because:  (1) it was a third party beneficiary of the sale contract, and (2) petitioners were estopped from refusing to arbitrate their claims.

Petitioners twice moved for reconsideration when *Felisilda v. FCA US LLC*[1] was subsequently disapproved in three published appellate decisions.  The trial court denied reconsideration.  Petitioners sought a writ of mandate directing the trial court to vacate its orders denying reconsideration.  We issue the requested writ, concluding as a matter of law that FMC is not a third party beneficiary of the sale contract and petitioners are not estopped from objecting to arbitration.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioners bought a new 2020 Ford Super Duty F-250 from Fairway Ford in San Bernardino.  They financed the purchase through the dealer and signed a document titled "RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)" (sale contract). It identified petitioners as "Buyers" and Fairway Ford as "Seller-Creditor."  They received a 3-year / 36,000 mile new vehicle limited warranty from FMC.  They did not buy an optional service contract from the dealer.

---

[1] *Felisilda v. FCA US LLC* (2020) 53 Cal.App.5th 486 (*Felisilda*).

The sale contract first refers to arbitration on the second page, where it states, "Agreement to Arbitrate:  By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitration."  The arbitration provision itself then states in relevant part, "EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.  [¶] . . . [¶]  Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors, or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."

The truck developed mechanical problems during the warranty period.  Petitioners took it to the FMC-authorized service center at Ford of Ventura.  They filed this action when attempts to fix the problems failed.  Their complaint included three statutory lemon law claims against FMC and a single negligent repair claim against Ford of Ventura.  Petitioners did not name the selling dealer, Fairway Ford, as a defendant.

FMC moved to compel arbitration.  The trial court granted the motion, citing *Felisilda*, *supra*, 53 Cal.App.5th 486 as "binding precedent."  Its minute order stated:  "Under *Felisilda*,

3

[FMC] can compel arbitration . . . because the claims are intertwined with the underlying contract to which [FMC] is an intended third party beneficiary and/or as to which equitable estoppel applies to allow Ford to compel arbitration.  The arbitration agreement expressly extends to claims against third parties relating to the condition of the vehicle.  Plaintiff's [sic] claims concern the condition of the vehicle."

Petitioners moved for reconsideration when the Second District Court of Appeal disapproved *Felisilda* in *Ford Motor Warranty Cases* (2023) 89 Cal.App.5th 1324 (*Warranty Cases*), review granted July 19, 2023, S279969.  The trial court denied the motion.  Petitioners moved for reconsideration a second time when decisions in the First and Third District Courts of Appeal also disapproved *Felisilda*.  (*Yeh v. Superior Court* (2023) 95 Cal.App.5th 264, review granted Nov. 15, 2023, S282228; *Kielar v. Superior Court* (2023) 94 Cal.App.5th 614, review granted Oct. 25, 2023, S281937.)

The trial court acknowledged it retained jurisdiction to revisit the original ruling, but again denied the motion.  It stated, "[petitioners have] again moved for reconsideration because yet another case has been published, again disagreeing with *Felisilda* – this time from the appellate district from which *Felisilda* originated.  *Felisilda* has not been overruled and it remains under review by the Supreme Court. . . .  [T]he Court does not find it appropriate to reverse its prior orders, especially given the amount of time that has passed since the Court's order staying the case and compelling arbitration, over nine months ago."

4

The trial court's rational appears based on the passage of time from its original order rather than from an analysis of the cases disagreeing with *Felisilda*.

Petitioners sought a writ of mandate. We issued an order to show cause and stayed the trial court's order granting the motion to compel arbitration pending resolution of this petition.

DISCUSSION

The parties do not dispute the terms of the sale contract or the substance of petitioners' claims against FMC and Ford of Ventura. Whether petitioners must arbitrate these claims presents a pure question of law reviewed de novo. (See *Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, 541 ["'Ordinarily, we review a denial of a petition to compel arbitration for abuse of discretion. [Citation.] However, where the trial court's denial of a petition to arbitrate presents a pure question of law, we review the order de novo.'"].)

We conclude FMC and Ford are neither intended third party beneficiaries of the sale contract, nor entitled to enforce the arbitration provision under the doctrine of equitable estoppel.

*FMC and Ford of Ventura Are Not*
*Third Party Beneficiaries of the Sale Contract*

The trial court found FMC and Ford of Ventura could enforce the arbitration provision as third-party beneficiaries of the sale contract. (See Civil Code, § 1559 ["A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it"].) We examine "the express provisions of the contract at issue, as well as all of the relevant circumstances under which the contract was agreed to, in order to determine not only (1) whether the third party would in fact benefit from the contract, but also (2) whether

a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) whether permitting a third party to [enforce the contract] against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties." (*Goonewardene v. ADP, LLC* (2019) 6 Cal.5th 817, 830.)

The sale contract contains no language showing the parties intended to benefit FMC. The initial reference to arbitration states: "you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action." The arbitration provision then begins with nearly identical language ("EITHER YOU OR WE MAY CHOOSE . . . .") and reiterates that claims and disputes "shall, *at your or our election*, be resolved by neutral, binding arbitration and not by a court action." (Italics added.)

The scope of the provision is "[a]ny claim or dispute . . . *between you and us or our employees, agents, successors or assigns* . . . ." (Italics added.) "[Y]ou" is defined as the buyers (petitioners) and "us" as the seller-creditor (Fairview Ford). FMC does not contend it is among the dealer's "employees, agents, successors, or assigns." Nor does the language "third parties who do not sign this contract" bring FMC or Ford of Ventura within the sale contract's ambit. This phrase "concerns what may be arbitrated, not who may arbitrate. Who may enforce an arbitration agreement is a separate matter from the types of disputes the agreement covers." (See *Warranty Cases*, *supra*, 89 Cal.App.5th at p. 1339, italics omitted.)

*Equitable Estoppel Does Not Compel Petitioners to Arbitrate Their Claims Against FMC and Ford of Ventura*

The trial court also found petitioners were equitably estopped from opposing arbitration because their claims were "intertwined" with the sale contract, as articulated in *Felisilda*. *Felisilda* does not apply here. Petitioners' three claims against FMC invoke state lemon law and "the warranty obligations of [FMC] in connection with a motor vehicle for which [FMC] issued a written warranty." (Complaint, ¶ 5.) FMC's obligations to petitioners as the buyers of a Ford vehicle exist independently of the sale contract. (See *Warranty Cases*, *supra*, 89 Cal.App.5th at pp. 1335-1136, citing *Greenman v. Yuba Power Products, Inc.* (1963) 59 Cal.2d 57, 61 ["California law does not treat manufacturer warranties imposed outside the four corners of a retail sale contract as part of the sale contract"].)

The sale contract also clearly distinguishes between dealer and manufacturer warranties where it states, "WARRANTIES SELLER DISCLAIMS [¶] If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. [¶] *This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.*" (Italics added, bold omitted.)

Petitioners' remaining claim against Ford of Ventura likewise arises from its warranty repair services. (See Complaint, ¶ 56 ["Defendant FORD OF VENTURA breached its duty to Plaintiffs to use ordinary care and skill by failing to properly store, prepare and repair . . . the Subject Vehicle in

7

accordance with industry standards"].)  Petitioners do not allege it performed these services on behalf of the selling dealer or pursuant to any obligation imposed by the sale contract.  The sale contract, in fact, shows petitioners declined the dealer service contract offered at the time of purchase.

In addition, *Felisilda* involved a single lemon law claim against the selling dealer and the manufacturer.  The dealer—not the manufacturer—moved to compel arbitration as a signatory of the sale contract.  Plaintiffs then dismissed the dealer *after* the trial court ordered arbitration against the manufacturer.  The plaintiffs here, in contrast, sued only the manufacturer.

## CONCLUSION

The petition for writ of mandate is granted.  Let a peremptory writ of mandate issue directing the trial court to vacate its orders of February 3, August 14, and November 15, 2023 granting FMC's motion to compel arbitration and denying reconsideration, and to enter a new order denying FMC's motion to compel arbitration.  The order to show cause is discharged and the stay previously issued by this court is dissolved upon issuance of the remittitur.  Petitioners shall recover their costs. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

<u>CERTIFIED FOR PUBLICATION.</u>


GILBERT, P.J.

We concur:


YEGAN, J.                          CODY, J.

8

Rhonda J. McKaig, Judge
Superior Court County of Ventura
_____


Knight Law Group, Roger Kirnos and Zachary Powell, for Plaintiffs and Petitioners.

Evans Fears Schuttert McNulty Mickus, Elizabeth V. McNulty, Joshua D. Cools, and Samantha M. Geraghty, for Real Party in Interest Ford Motor Company.