Filed 3/18/25  Gupta v. Mercedes-Benz USA CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| AMIT GUPTA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B333900<br>(Super. Ct. No. 56-2020-00544715-CU-BC-VTA)<br>(Ventura County) |

Amit Gupta appeals from the judgment entered after an arbitrator issued an award in defendants' favor.  Gupta challenges the trial court's order granting Mercedes-Benz USA, LLC's (MBUSA) motion to compel arbitration of his claims for violation of the Song-Beverly Consumer Warranty Act (Song-Beverly Act) (Civ. Code, §1790 et seq.) due to an alleged defective

ventilation system in his 2018 Mercedes-Benz GLS.[1]  The trial court concluded MBUSA was a third party beneficiary of the arbitration clause contained in the sale contract and Gupta was equitably estopped from refusing arbitration based on *Felisilda v. FCA US LLC* (2020) 53 Cal.App.5th 486 (*Felisilda*).

Since the trial court's ruling, multiple appellate decisions have disagreed with *Felisilda* and our Supreme Court has granted review to decide whether "manufacturers' express or implied warranties that accompany a vehicle at the time of sale constitute obligations arising from the sale contract, permitting manufacturers to enforce an arbitration agreement in the contract pursuant to equitable estoppel." (*Ford Motor Warranty Cases* (2023) 89 Cal.App.5th 1324, 1332, review granted July 19, 2023, S279969 [order granting review]; *Montemayor v. Ford Motor Co.* (2023) 92 Cal.App.5th 958 (*Montemayor*), review granted Sept. 20, 2023, S281237; *Kielar v. Superior Court* (2023) 94 Cal.App.5th 614, review granted Oct. 25, 2023, S281937; *Yeh v. Superior Court* (2023) 95 Cal.App.5th 264, review dism., S282228; *Davis v. Nissan North America, Inc.* (2024) 100 Cal.App.5th 825 (*Davis*), review granted May 29, 2024, S284697; *Rivera v. Superior Court* (2024) 105 Cal.App.5th 288 (*Rivera*), review granted Dec. 18, 2024, S287725.)

Relying on these recent decisions, Gupta contends the trial court erred in compelling arbitration of his claims against MBUSA because MBUSA was not a third party beneficiary and equitable estoppel does not apply.  As we shall explain, we agree with Gupta.  We will therefore reverse the trial court's judgment

---

[1]  Gupta does not challenge the judgment or the order to compel arbitration of his claims against the dealership, Silver Star AG, Ltd.

entered in favor of MBUSA and remand with directions.  The judgment (as to the dealership) is otherwise affirmed.

*Factual and Procedural Background*

In 2018, Gupta purchased a Mercedes-Benz GLS from Silver Star AG, Ltd.  He financed the purchase of the vehicle through the dealership and signed a preprinted form contract entitled, "RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)."  Gupta received a new vehicle limited manufacturer's warranty which covered defects in materials and workmanship for four years or 50,000 miles.  When Gupta bought the vehicle, there were approximately three years or 40,000 miles remaining on the warranty.

The sale contract identified Amit Gupta and Avani Gupta as the "Buyer" and "Co-Buyer," respectively, and referred to them collectively as "you."  Silver Star is identified as the "Seller-Creditor" and referred to as "we" or "us."  The sale contract also included an arbitration provision, which states: "EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL."  It further stated, "Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."

Shortly after purchasing the GLS, Gupta noticed a "moldy" or "mildew" smell whenever the vehicle's air conditioning was started.  In 2020, after repeated attempts to fix the odor issue failed and MBUSA refused to repurchase the vehicle, Gupta brought this action against MBUSA and Silver Star.

In the amended complaint, Gupta alleged five causes of action: (1) Breach of Warranty Obligation to Provide Restitution or Replacement (Civ. Code, § 1793.2, subd. (d)(2)), against MBUSA; (2) Breach of Warranty Obligation to Commence or Complete Repairs within 30 days (*id.*, subd. (b)), against MBUSA; (3) Breach of Implied Warranty of Merchantability (*id.*, § 1792), against MBUSA and Silver Star; (4) Breach of Warranty Obligation to Provide Sufficient Parts and Literature (*id.*, § 1793.2, subd. (a)(3)), against MBUSA; and (5) Negligent Repair against Silver Star.[2]

The amended complaint also asserted that MBUSA "gave Plaintiff an express written warranty" wherein MBUSA undertook to preserve or maintain the utility or performance of the vehicle or provide compensation if there was a failure in utility or performance.[3]

In March 2021, MBUSA and Silver Star moved to compel arbitration of Gupta's claims based on the arbitration provision in the sale contract.  The trial court granted the motion after

---

[2]  After the trial court entered its order compelling arbitration, Gupta abandoned his claims for breach of implied warranty (as to MBUSA) and failure to provide an authorized repair facility with sufficient service literature or replacement parts.

[3]  The record does not include a copy of the written warranty.

4

concluding MBUSA was a third party beneficiary and Gupta was equitably estopped from refusing arbitration.

The trial court explained, "'Reading the contract as a whole, it is clear MBUSA is an intended third-party beneficiary of the arbitration provision because it falls within the class of persons or entities for whom the arbitration provision was intended.'" The trial court opined that the claims against MBUSA "arise out of and relate to" the purchase and condition of the GLS and the "'resulting' warranty relationship that followed" Gupta's execution of the sale contract.

The trial court also considered the language contained in the sale contract that expressly referenced "'third parties who do not sign this contract'" and concluded, " . . . the ruling in *Felisilda* [*supra*, 53 Cal.App.5th at pp. 496-497] makes clear that a non-signatory vehicle manufacturer may enforce the exact arbitration provision contained in the [sale contract] here under equitable estoppel."

The parties proceeded to arbitrate the matter. An arbitrator found Gupta had not met his burden of proof on his claims. Thereafter, Gupta filed a notice of newly issued authorities, citing *Ford Motor Warranty Cases*, *supra*, 89 Cal.App.5th 1324 and *Montemayor*, *supra,* 92 Cal.App.5th 958, which he contended impacted the underlying arbitration order. The trial court entered judgment on the arbitration award in favor of MBUSA and Silver Star.

## *Discussion*

Where, as here, the trial court's decision on a motion to compel arbitration presents a pure question of law, we review the order de novo. (*Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, 541.)

*MBUSA is Not a Third Party Beneficiary*

A nonparty can enforce a contract as a third party beneficiary if it can show that: (1) the third party would in fact benefit from the contract, (2) a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) permitting a third party to enforce the contract is consistent with the objectives of the contract and the reasonable expectations of the contracting parties. (*Goonewardene v. ADP, LLC* (2019) 6 Cal.5th 817, 830.)

MBUSA contends it was a third party beneficiary of the sale contract because the sale of a new or used Mercedes-Benz benefits MBUSA's brand by "creating consumer awareness and preference," one of the motivating purposes of the sale contract was to sell Mercedes-Benz vehicles, and allowing MBUSA to enforce the arbitration clause aligns with the contract and reasonable expectations of the parties. We are not persuaded.

It is undisputed that MBUSA was not a party to the arbitration provision at issue here and nothing in the sale contract reflects an intention to benefit MBUSA. Any benefit MBUSA might receive from the sale contract is incidental and does not support a finding of a motivating purpose. (Accord *Ngo v. BMW of North America, LLC* (9th Cir. 2022) 23 F.4th 942, 947-948 (*Ngo*); *Ford Motor Warranty Cases*, *supra*, 89 Cal.App.5th at p. 1339.) Indeed, the "manifest intent of the parties was to buy, sell and finance a car, and to allow either the purchaser or the dealer to compel arbitration of the specified categories of disputes between them, or between the purchaser and any of the dealer's 'employees, agents, successors or assigns.'" (*Ford Motor Warranty Cases*, at pp. 1336-1339 [manufacturer not a third

6

party beneficiary of sales contract between purchaser and dealership].)

MBUSA contends the agreement itself reflects an intent to resolve disputes associated with "relationships with third-parties who do not sign" the sale agreement. But the parenthetical language in the arbitration provision referring to "third parties who do not sign this [contract]" does not bring MBUSA into the sale contract's ambit. As we stated in a prior published opinion, and relying on *Ford*'s analysis, this phrase "'concerns what may be arbitrated, not who may arbitrate. Who may enforce an arbitration agreement is a separate matter from the types of disputes the agreement covers.'" (*Rivera, supra,* 105 Cal.App.5th at pp. 293-294, quoting *Ford Motor Warranty Cases*, *supra*, 89 Cal.App.5th at p. 1339.)

We conclude the sale contract in this case provides MBUSA no legal entitlement to arbitration as a third party beneficiary.

*Equitable Estoppel Does not Apply*

"Under the doctrine of equitable estoppel, 'as applied in "both federal and California decisional authority, a nonsignatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the nonsignatory are 'intimately founded in and intertwined' with the underlying contract obligations." [Citations.] "By relying on contract terms in a claim against a nonsignatory defendant, even if not exclusively, a plaintiff may be equitably estopped from repudiating the arbitration clause contained in that agreement." [Citations].' [Citation.] [¶] 'Where the equitable estoppel doctrine applies, the nonsignatory has a right to enforce the arbitration agreement.' [Citation.] '"The fundamental point" is that a party is "not entitled to make use of [a contract containing an arbitration

7

clause] as long as it worked to [his or] her advantage, then attempt to avoid its application in defining the forum in which [his or] her dispute . . . should be resolved.'" [Citation.] 'In *any* case applying equitable estoppel to compel arbitration despite the lack of an agreement to arbitrate, a nonsignatory may compel arbitration only when the claims against the nonsignatory are founded in and inextricably bound up with *the obligations imposed by the agreement containing the arbitration clause*.' [Citation.]" (*Felisilda, supra,* 53 Cal.App.5th at pp. 495-496.)

In determining whether the plaintiffs' claim is found on or intimately connected with the sale contract, we examine the facts of the operative complaint. (*Goldman v. KPMG, LLP* (2009) 173 Cal.App.4th 209, 229-230.)

Here, Gupta's claims against MBUSA, as set forth in the operative complaint, were based on his statutory warranty claims and MBUSA's performance under its express warranty. They were not based on the terms of the sale contract between Gupta and the dealership. Indeed, the sale contract distinguished between dealer or manufacturer warranties where it stated: "WARRANTIES SELLER DISCLAIMS [¶] If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. [¶] *This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.*" (Italics added, bold omitted.) This differentiation demonstrates an intent to "'distinguish and distance'" the dealership's sale contract from any warranty that MBUSA may

8

provide.  (See *Davis*, *supra*, 100 Cal.App.5th at p. 837 [listing cases so concluding].)

Respondents ask this court to follow *Felisilda*, the California Commercial Code, and Justice Irion's dissenting opinion in *Davis*, *supra*, 100 Cal.App.5th at p. 849, and conclude that manufacturer warranties are part of a sale contract. (*Felisilda, supra,* 53 Cal.App.5th at p. 496 ["the sales contract was the source of the warranties"].)  We decline to do so.

Instead, we conclude MBUSA's obligations to Gupta exist independently of the sale contract because "manufacturer vehicle warranties that accompany the sale of motor vehicles without regard to the terms of the sale contract between the purchaser and the dealer are independent of the sale contract."  (*Ford Motor Warranty Cases*, *supra*, 89 Cal.App.5th at pp. 1334-1336, citing *Greenman v. Yuba Power Products, Inc.* (1963) 59 Cal.2d 57, 61 ["California law does not treat manufacturer warranties imposed outside the four corners of a retail sale contract as part of the sale contract"]; *Rivera, supra,* 105 Cal.App.5th at pp. 293-294; *Ngo, supra,* 23 F.4th at p. 949 ["express and implied warranties arise 'independently of a contract of sale'"].)

Because we conclude equitable estoppel does not apply in this situation, we need not address MBUSA's remaining arguments to the contrary.

### Disposition

The judgment entered in favor of MBUSA is reversed and the matter remanded with instructions to enter a new order denying MBUSA's motion to compel arbitration.  In all other respects, the judgment is affirmed.  Gupta shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

10

Benjamin F. Coats, Judge
Superior Court County of Ventura
_____

Veracis Law Corporation and Larry W. Chae for Plaintiff and Appellant.

Theta Law Firm and Soheyl Tahsildoost; Bowman and Brooke and Richard L. Stuhlbarg and Amanda E. Heitz (*pro hac vice*) for Defendants and Respondents.