**PIZZA INN, INC., Appellant,**

v.

**D. E. TIFFANY, Appellee.**

**No. 4885.**

Court of Civil Appeals of Texas, Waco.

April 30, 1970.

Rehearing Denied May 21, 1970.

 

Naman, Howell, Smith & Chase, George Chase, Waco, for appellant.

Dunnam, Dunnam & Dunnam, Maurice Campbell, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Pizza, from judgment of $31,000, for plaintiff Tiffany, in a products liability case.

Plaintiff purchaser, sued defendant manufacturer-seller, of a dough rolling machine, for injuries sustained, when his fingers were crushed in the rollers, while operating the machine.

Plaintiff alleged: 1) defendant warranted the machine would not catch or injure the operators hands, and that the operator could not be hurt in its operation; and, 2) defendant failed to design the equipment with a shield that would prevent the hand of the operator from going into the rollers; that such was negligence; and a proximate cause of plaintiff's injuries.

Defendant by answer, denied warranting the machine would not injure the operator in its operation; denied negligence in the design of the machine; alleged plaintiff's use of the machine at the time of injury an improper use; and alleged plaintiff negligent in attempting to clean the machine with its rollers in operation.

Trial was to a jury which found:

1) The failure of defendant to design the machine with an extended chute was negligence.

2) Such failure was a proximate cause of plaintiff's injury.

3) The failure of defendant to design the machine with an extended chute, rendered said machine not reasonably fit for the purpose for which it was intended.

4) Pizza's employee represented to plaintiff he could not be hurt on the machine.

5), 6), 7) Such representations were relied on by plaintiff; were material; and materially induced plaintiff to purchase the machine.

8) Plaintiff was damaged $31,000.

9) Plaintiff did not know there was danger of injury to his hand in attempting to clean the rollers of the machine when it was in operation.

12) On the occasion in question, plaintiff was attempting to clean the dough rolling machine.

13), 14) Plaintiff's attempt to clean the machine, by using a cigarette package and with the machine in operation, was negligence; and a proximate cause of the accident.

Defendant moved for judgment, asserting "there are no findings which will support a judgment favorable to plaintiff." Plaintiff moved for judgment on the verdict.

The trial court entered judgment for plaintiff for $31,000.

Defendant appeals on 3 points, contending the trial court erred in rendering judgment for plaintiff on the basis of the jury's verdict.

Defendant sells franchises for the operation of "Pizza Inns", which includes the lease of a pizza dough rolling machine, manufactured by defendant. It trains its franchise purchasers in the operation of a "Pizza Inn", which includes training in operation of the machine. Defendant sold plaintiff a franchise for operation of a Pizza Inn in Waco on March 1, 1968, and thereafter provided training for him in Dallas. There is evidence that while in training, defendant's employer who trained plaintiff, represented to plaintiff, that he could not be hurt operating the machine, and that plaintiff relied on such represen-

tation. Later on plaintiff purchased from defendant one of the dough rolling machines. The machine plaintiff was trained to operate was like the machine sold plaintiff. The operator of the machine feeds dough into the top of the machine with his hand. When plaintiff received his machine, about Thanksgiving 1968, he unpacked it, and observed slivers of wood or packing material on the rollers. He turned the machine on, placed an empty cigarette pack into the opening of the machine, "like I would a piece of dough, like they demonstrated straight into the rollers, and before I knew it, it caught and jerked my hand into the rollers." Plaintiff's fingers were mashed, necessitating amputation of two of them.

The machine defendant sold to plaintiff does not have a shield or chute extending out from the opening into which the dough is fed. Thus an operator extending his fingers downward into the opening (as did plaintiff), can have his fingers mashed by the rollers of the machine. It is in evidence that there are other pizza machines, manufactured and sold by defendant, which are equipped with a chute or shield extending out from the opening into which dough is fed by the operator's hands, which physically prevents the operator's fingers from reaching into the opening far enough to come in contact with the rollers. It is in evidence that the danger of mashing an operator's fingers, present in the machine defendant sold plaintiff, could have been easily avoided by the installation of a safety chute on the machine, as was made onto other machines sold by defendant.

Defendant asserts that no combination of the jury's verdict will support the judgment; plaintiff asserts the judgment is supported in several ways by such verdict.

The jury found that the failure of defendant to design the machine with an extended chute was negligence; and that such failure was a proximate cause of plaintiff's injuries. Plaintiff was cleaning the machine while it was in operation by inserting an empty cigarette package into

the opening with his hand, in the same manner he was taught to insert dough into the machine. The roller caught his fingers and mashed them. The jury further found that plaintiff did not know there was danger of injury to his hand in attempting to clean the machine when it was in operation; that the attempt to clean the machine when it was in operation was negligence; and a proximate cause of the accident.

Texas has adopted the rule of strict liability in tort,[1] to users and consumers, with respect to sellers and manufacturers of defective products, which cause physical harm to persons. Franklin Serum Co. v. C. A. Hoover & Son, S.Ct., 418 S.W.2d 482.

■ When the strict liability rule attaches or is applicable, conventional contributory negligence of plaintiff is not a defense; nor is contributory negligence consisting of failure to discover the defect in the product, or to guard against the possibility of its existence, a defense. On the other hand the form of contributory negligence which consists of voluntarily and unreasonably proceeding to encounter a known danger, passes under the name of assumption of risk, and is a defense in cases of strict liability. Shamrock Fuel Oil and Sales Co. v. Tunks, S.Ct., 416 S.W.2d 779; McKisson & Sales Affiliates Inc., S. Ct., 416 S.W.2d 787.

The instant case is not a case of a defectively manufactured product, but is a case of defective design.

Plaintiff asserts the judgment sustainable by applying the doctrine of strict liability to defective design cases.

We know of no Texas case which applies the strict liability rule to defective design cases, but a number of other jurisdictions have done so. Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897; Williams v. Brown Mfg.

Co., 93 Ill.App.2d 334, 236 N.E.2d 125; Wright v. Massey-Harris Inc., 68 Ill.App. 2d 70, 215 N.E.2d 465; Heaton v. Ford Motor Co., 248 Or. 467, 435 P.2d 806; all apply the rule of strict liability to a manufacturer in defective design cases.

Our Supreme Court in Darryl v. Ford Motor Co., 440 S.W.2d 630, extended recovery under the strict liability rule, from "users and consumers" to include "nonusers and nonconsumers." Such case states:

"We hold that recovery under the strict liability doctrine is not limited to users and consumers. * * * There is no adequate rationale or theoretical explanation why non-users and non-consumers should be denied recovery against the manufacturer of a defective product. The reason for extending the strict liability doctrine to innocent bystanders is the desire to minimize risks of personal injury and/or property damage. *A manufacturer who places in commerce a product rendered dangerous to life or limb by reason of some defect is strictly liable in tort to one who sustains injury because of the defective condition.* (Emphasis Added) Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal. Rptr. 697, 377 P.2d 897."

We note the foregoing statement does not limit strict liability to a defect other than a defect of design. And Greenman v. Yuba, cited with approval, is a design case, and explicitly and unequivocally holds, that liability may be imposed upon a manufacturer under the doctrine of strict liability as a result of a defect in design. See also Williams v. Brown Mfg. Co., 236 N.E.2d 125, 138.

And there is no adequate rationale to apply the rule of a strict liability in a defect in manufacture case, but deny it in a defect of design case. See: 13 A.L.R.3d 1057–1131, Products Liability, Strict Liability in Tort.

---

1. Sec. 402A Strict Liability, Restatement of Torts, Second.

**424**

We think the doctrine of strict liability applicable to defective design cases, and that plaintiff's contributory negligence found by the jury does not bar recovery. The judgment is sustained by findings 1, 2, and 8.

The jury found in answer to Issue 3 that the failure to design the machine with an extended chute rendered the machine not reasonably fit for the purposes for which it was intended. Defendant asserts there is no finding that the breach of warranty was a cause of plaintiff's injury. The jury found in answer to issue 1, that the "failure of defendant to design the machine in question with an extended chute was negligence"; and in answer to issue 2 found, "that such failure was a proximate cause of plaintiff's injuries". Such failure as inquired about in issue 2, was the "failure to design the machine with an extended chute", as inquired about in both issues 1 and 3. The judgment is sustained by the jury's answer to Issues 3, 2, and 8.

Defendant asserts plaintiff's action in cleaning the machine with the empty cigarette package while the machine was in operation was a misuse of the product.

Plaintiff's use of the machine in cleaning it and making it ready for the operation of rolling dough was a normal and proper use; he fed the empty cigarette package into the machine just as instructed by defendant to feed dough into the machine; the use was not in violation of warnings given by the manufacturer, and not in excess of prescribed physical limits of the machine. And the accident would not have occurred except for the defective design. We think under the record that plaintiff's action was not an unreasonable use or a misuse of the machine, and that plaintiff's injury was a reasonably forseeable risk of harm engendered by the intended use of the product. Otis Elevator Co. v. Wood, S.Ct., 436 S.W.2d 324.

All defendant's points and contentions have been considered and are overruled.

Affirmed.