**SIGNAL OIL & GAS COMPANY et al., Appellants,**

v.

**UNIVERSAL OIL PRODUCTS et al., Appellees.**

No. 7818.

Court of Civil Appeals of Texas, Beaumont.

Jan. 13, 1977.

Rehearing Denied Feb. 3, 1977.

D. J. Holcombe, Houston, for appellant.

Joseph D. Cheavens, Houston, for appellee, Universal Oil Products.

David J. Beck and Arnold A. Vickery, Fullbright & Jaworski, Houston, for appellee, Procon, Inc.

Les Cochran, Houston, for appellee, Alcorn, Inc.

STEPHENSON, Justice.

Signal Oil & Gas Co. (Signal) as plaintiff, brought this action for damages against Universal Oil Products Company (UOP), Procon, Inc. (Procon) and Alcorn Combustion Company (Alcorn) as defendants. Trial was by jury and judgment was rendered on the verdict that plaintiff take nothing as to all three defendants.

Signal and UOP entered into a contract for the construction of a refinery unit known as an isomax unit at the Signal refinery. UOP employed Procon to assemble the isomax unit. Procon ordered a part of the unit called a reactor charge heater from Alcorn. Alcorn provided the heater as a component part of the total refinery unit. Procon assembled the heater at the refinery site. This isomax unit was started up about the middle of February, 1968. Then on April 26, 1968 one of the tubes in the heater ruptured causing the fire and resulting damages for which this suit was brought.

In the center of this heater were gas burners which were surrounded by steel tubes through which the oil flowed. The design of the heater called for guides or braces for the tubes at about their mid point. The specifications called for the guides to be anchored by stainless steel bolts called 25–12 bolts. About the first of March 1968, it was discovered that some of the middle guides had fallen to the floor of the heater, and the tubes began to bow inward. One of the bolts was fished out, and it was discovered that B–7 bolts had been used and they were not designed to withstand high temperatures.

Signal made two basic claims as to the cause of the rupture. First, that the inward bowing of the tubes, because the tube guides fell off, placed the tubes too close to the burner, causing them to rupture. The second claim was that scaling or coke accumulation had collected inside of the tubes. The jury went along with the first claim as to the cause of the rupture.

Signal's pleadings alleged causes of action based upon negligence, strict liability and warranty. Evidence was heard and the case was submitted to the jury on all three theories.

### Negligence

The jury found that Alcorn was negligent in failing to supply Procon with 25–12 bolts

and that such negligence was a proximate cause. The jury also found Procon was negligent in using B–7 bolts in erecting the heater and that negligence was a proximate cause. Signal has conceded in its brief that the judgment as to UOP should be affirmed so the issues pertaining to UOP will not be discussed. Other findings by the jury are that Signal was negligent in not shutting down the heater before the fire which was a proximate cause. Also, that Signal was warned of the hazard before the fire and failed to heed that warning which was negligence and a proximate cause. It is agreed by all concerned that Signal cannot recover upon its negligence theory because of the jury findings as to contributory negligence. In its brief, Signal makes the statement that it does not question the sufficiency of the evidence to raise the contributory negligence findings.

### Strict Liability

Texas adopted the principles embodied in section 402A of the American Law Institute Restatement (Second) of Torts (1965) in the companion cases, *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex. 1967) and *Shamrock Fuel & Oil Sales Co. v. Turks*, 416 S.W.2d 779 (Tex.1967). This section provides in part that the seller of a product in a defective condition unreasonably dangerous to the user or his property is subject to liability under certain specified conditions. The general effect of adopting this section is to relieve a claimant of the burden of proving negligence and privity.

This jury found that the reactor charge heater as shipped by Alcorn was defective but failed to find that such defective condition was a producing cause of the tube rupture. The jury also found the reactor charge heater as erected by Procon was defective but failed to find that defective condition was a producing cause of the tube rupture.

Signal argues that it is entitled to judgment against Alcorn and Procon on the basis of jury findings as to strict liability. Even though the jury failed to find "producing cause" as to the "defective" issues,

Signal relies upon the jury findings as to "proximate cause" to make out its cause of action. As stated above, the jury found that Alcorn was negligent in failing to supply Procon with 25–12 bolts and that such negligence was a proximate cause; also, that Procon was negligent in using B–7 bolts and that was a proximate cause. Then Signal's claim is that taking these two "proximate cause" issues along with the two issues finding a defective condition make a case of strict liability. In this connection the argument is made that "proximate cause" includes all the elements of "producing cause" and more. That "cause in fact" is a part of both, and "proximate cause" also includes "forseeability." Also, the argument is made that the sequence of the issues is not important.

Signal cites *Pizza Inn, Inc. v. Tiffany*, 454 S.W.2d 420, 421 (Tex.Civ.App.—Waco 1970, no writ), in support of this argument. The jury answered the first three issues as follows:

"1. The failure of defendant to design the machine with an extended chute was negligence.

"2. Such failure was a proximate cause of plaintiff's injury.

"3. The failure of defendant to design the machine with an extended chute, rendered said machine not reasonably fit for the purpose for which it was intended."

No "producing cause" issue was submitted.

We have not been cited, nor have we found, cases holding that the special issues must be in a certain sequence. We have come to the conclusion that the arrangement of the issues is not important as long as the sense and meaning of the results are clear.

First, as to Alcorn, the negligence and proximate cause issues refer to the failure to supply 25–12 bolts. However, the jury was not asked why the heater shipped by Alcorn was defective. Then, as to Procon, the negligence and proximate cause issues refer to the use of B–7 bolts, and again the jury was not asked why the heat-

er as erected by Procon was defective. In fact, the only issue submitted to the jury as to why the heater was defective, inquired about the formation of the deposits in the heater which the jury answered in the affirmative. Signal maintained the heater was defective for two reasons: the use of the B–7 bolts, and the accumulation of deposits in the tubes.

For these reasons we do not believe it is possible to definitely ascertain that the defect as found by the jury was the same condition as found to be negligence and proximate cause issues submitted as to either Alcorn or Procon. The case before us is not like *Pizza Inn, Inc. v. Tiffany,* supra, in which both the negligence issue and the strict liabilities issue used the same wording (the failure of the defendant to design the machine with the extended chute . . ), and there could be no doubt as to the findings by the jury. These points of error are overruled.

### Warranty

■ Tex.Bus. & Comm.Code Ann. § 2.314 (1968) provides for an implied warranty of fitness or suitability. As stated above, this was one of the theories of recovery sought by Signal. As to both Alcorn and Procon, the jury found the heater was not reasonably suited for its intended use or purpose. And, in both instances, the jury found such suitability was a proximate cause of the tube rupture. Signal contends it is entitled to judgment on these issues because contributory negligence is not a bar to its recovery.

In the recent case of *Lanphier Const. Co. v. Fowco Const. Co.,* 523 S.W.2d 29, 41 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.), Justice Nye set out as follows the two basic facts which must be proved before an implied warranty of fitness arises:

"First, Servtex at the time of contracting with Fowco must have known or had reason to have known the particular purpose for which these goods . . . were required. *Parks v. Glidden Company,* 433 S.W.2d 445 (Tex.Civ.App.—Texar-

kana 1969, writ ref'd n. r. e.). The 'particular purpose' envisions a specific use by the buyer which is peculiar to the nature of his business.

\*     \*     \*     \*     \*     \*

"Secondly, Fowco must show that it relied on Servtex's skill and/or judgment to select or furnish suitable goods. *Brown v. Asgrow Seed Company of Texas,* 379 S.W.2d 412 (Tex.Civ.App.—San Antonio 1964, writ ref'd n. r. e.); *Craftsman Glass, Inc. v. Cathey,* 351 S.W.2d 950 (Tex.Civ.App.—Amarillo 1961, no writ)."

The record conclusively shows that both Alcorn and Procon knew the particular purpose for which their products were required. Alcorn and Procon were likewise cognizant of Signal's reliance on them to provide goods suitable for use as part of an isomax unit.

This being so, we are called upon to decide whether the jury's findings of unsuitability and proximate cause in re the goods furnished by Alcorn and Procon rendered these defendants liable to Signal. Defendants contend that the jury's findings of negligence as to Signal constitute a bar to its recovery. We agree.

Recoverable damages of the kind sought by plaintiff are provided for in Tex.Bus. & Comm.Code Ann. § 2.715(b)(1) and (2) (1968) as follows:

"(b) Consequential damages resulting from the seller's breach include

(1) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(2) *injury to person or property proximately resulting from any breach of warranty.*" (Emphasis added)

In a Committee Comment to § 2.715 (1968) of our code, however, we find:

"5. Subsection (2)(b) states the usual rule as to breach of warranty, allowing recovery for injuries 'proximately' resulting from the breach. Where the injury involved follows the use of goods without

discovery of the defect causing the damage, the question of 'proximate' cause turns on whether it was reasonable for the buyer to use the goods without such inspection as would have revealed the defects. If it was not reasonable for him to do so, *or if he did in fact discover the defect prior to his use, the injury would not proximately result from the breach of warranty.*" (Emphasis added)

Here, plaintiff was warned by defendants of the risk of continuing to use the reactor heater, but failed to heed the warning and continued to use the product until the fire and resultant damage occurred. The jury found that plaintiff's failure to heed the warning was both negligence and a proximate cause of the fire.

■ We agree with the general rule stated in L. Frumer and M. Friedman, 2 Products Liability § 16.01[4] at 3–39 (1976): "Contributory negligence in the sense of an unreasonable use of a product after discovery of the defect and the danger is a defense." See also *Texsun Feed Yards, Inc. v. Ralston Purina Company*, 447 F.2d 660, 668–669 (5th Cir. 1971).

Signal has an alternate point of error asking that the case be remanded because of a conflict in the findings of the jury as to producing cause and proximate cause. This point is overruled.

■ The jury's negative answer as to the producing cause issue upon which Signal had the burden of proof is nothing more than a "failure to find" and is not in conflict with the affirmative answer to the proximate cause issue. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966).

■ Signal also has points of error that the failure of the jury to find in the affirmative as to the producing cause issues is contrary to the great weight and preponderance of the evidence. In passing upon these points we consider the entire record. Even though there is evidence which would have supported affirmative findings as to those issues, we do not find the jury answers to be clearly wrong or manifestly unjust. These points are overruled.

AFFIRMED.

KEITH, Justice, concurring.

While I concur in the affirmation of the judgment of the trial court, I do not join in the language used in discussing the holding in *Pizza Inn, Inc. v. Tiffany*, 454 S.W.2d 420 (Tex.Civ.App.—Waco 1970, no writ).