## In re DUPONT–BENLATE LITIGATION.

### No. 92–2363 (JAF).
### Order No. 26.

United States District Court,
D. Puerto Rico.

Aug. 2, 1994.

**621**

regulated products. 7 U.S.C. § 136a(c). The Benlate fungicide at issue in this litigation was registered with the Environmental Protection Agency (EPA), and the label and packaging were approved by the EPA, all in accordance with FIFRA.

■■■ The Supremacy Clause provides that the laws of the United States "shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2. Puerto Rico is considered a state for the purpose of Supremacy Clause analysis. *P.R. Dept. of Consumer Affairs v. Isla Petroleum,* 485 U.S. 495, 500, 108 S.Ct. 1350, 1353, 99 L.Ed.2d 582 (1988). In evaluating whether federal law preempts state statutes or common law, it must be emphasized that state police powers are not superseded by federal statutes unless it is the "clear and manifest" purpose of Congress. *Cipollone v. Liggett Group, Inc.,* — U.S. —, —, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) (quoting *Rice v. Santa Fe Elevator Corp,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947)).

Eric Tulla, Guillermo Ramos–Luiña, Rivera, Tulla & Ferrer, San Juan, PR, for plaintiff.

Jorge Segurola, Goldman Antonetti & Cordova, San Juan, PR, for defendant.

### OPINION AND ORDER

FUSTE, District Judge.

Defendant E.I. DuPont De Nemours and Company moves for partial summary judgment of the tort claims in this litigation, alleging that they are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").[1] FIFRA is a comprehensive federal statute which regulates the sale and use of pesticides and other chemicals. 7 U.S.C. §§ 136–136y. Pursuant to FIFRA, manufacturers must utilize approved labels which provide information on ingredients, directions for use, and adverse effects of the

■■ The Supreme Court's latest pronouncement on preemption of state law is found in *Cipollone.* There, the Court held that where "Congress has considered the issue of preemption and has included in the enacted legislation a provision explicitly addressing that issue, and when that provision provides a 'reliable indicium of congressional intent with respect to state authority', 'there is no need to infer congressional intent to preempt state laws from the substantive provisions' of the legislation." *Cipollone,* — U.S. at —, 112 S.Ct. at 2618 (citations omitted). Therefore, where there is an explicit preemption clause, as in FIFRA, we need look no further, but can conclude that anything not explicitly touched by the preemption clause may be regulated by the sovereign states. The Court in *Cipollone* also held that federal law may preempt common law tort damage actions, as well as state

---

1. Because we need not rely on any documents outside of the pleadings, we will treat this as a motion for dismissal. Fed.R.Civ.P. 12(c). Under Rule 12(b)(6), a defendant may move to dismiss an action against it based only on the pleadings for "failure to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6).

statutes and regulations. *Cipollone,* —— U.S. at ——, 112 S.Ct. at 2620.[2]

The preemption clause in FIFRA is found in section 136v, which provides:

### (a) In general

A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.

### (b) Uniformity

Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter.

 In terms of FIFRA, then, the question is whether state law liability based on the various tort claims would impose upon the defendant any "requirement for labeling or packaging" as described in section 136v. Based on this analysis, FIFRA preempts any state common law cause of action that rests on an alleged failure to warn or convey information about a product through its label. *King v. E.I. DuPont de Nemours & Co.,* 996 F.2d 1346, 1349 (1st Cir.1993). *See also Worm v. American Cyanamid Co.,* 5 F.3d 744, 747 (4th Cir.1993); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 371 (7th Cir. 1993); *Papas v. Upjohn Co.,* 985 F.2d 516, 518 (11th Cir.), *cert. denied, Papas v. Zoecon Corp.,* —— U.S. ——, 114 S.Ct. 300, 126 L.Ed.2d 248 (1993); *Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers, Inc.,* 981 F.2d 1177, 1179 (10th Cir.), *cert. denied, Arkansas–Platte & Gulf Partnership v. Dow Chem. Co.,* —— U.S. ——, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993). However, state claims of negligence in testing, manufacturing or formulating pesticides are not preempted. *Worm,* 5 F.3d at 747.

 Plaintiffs argue that there is a fundamental difference between their failure to warn claims and those that have been found to be preempted in the above cases. Plaintiffs contend that their cause of action does not merely allege that there is a flaw in all Benlate produced by DuPont, but also contends that the particular lots of Benlate which were used by these plaintiffs were contaminated by the accidental inclusion of the herbicide atrazine which, in combination with the Benlate, caused damage to the plaintiffs' crops, and that DuPont failed to notify the plaintiffs about the contamination.

The First Circuit recently addressed the issue of preemption where a plaintiff alleged a loss due to the defectiveness of one product in particular, as opposed to an inherent defect in all similar products. *See Mendes v. Medtronic, Inc.,* 18 F.3d 13 (1st Cir.1994). In *Mendes,* the plaintiff brought suit against the manufacturer of her pacemaker, alleging that the particular device implanted in her body was defective. The defendant argued that the plaintiff's claims were preempted under the federal Medical Devices Act (MDA). Looking to the preemptive clause of the statute, which prohibits a state from enacting any requirement which is different from federal law, the court held that a finding of liability for a defective pacemaker would force upon the defendant different requirements for manufacturing medical devices than those already dictated by the MDA, which explicitly provides regulations on good manufacturing practices. *Mendes,* 18 F.3d at 19. In contrast to the MDA, the FIFRA preemption clause only prohibits states from establishing or continuing any requirements for labeling or packaging of the regulated chemicals. FIFRA does provide a mechanism whereby the EPA can order a "stop sale" of any registered pesticides found to be contaminated. 7 U.S.C. § 136k. A stop sale order was issued in connection with the alleged atrazine contamination of Benlate. However, because the preemption clause of FIFRA does not apply to the stop sale mechanism, we see no reason why state law could not require DuPont to have ensured proper notice to the plaintiffs of the existence of the alleged defect. Litigation of state tort actions which would require pesticide manufacturers to notify consumers of the contamination of certain products would not interfere with FIFRA's requirement that

---

**2.** The tort damages claims in this case alleged under Puerto Rico law are pursuant to 31 L.P.R.A. § 5141.

pesticides in their intended form be packaged and labeled only as mandated by federal law.

Therefore, while claims of a failure to warn or communicate information about a regulated product are preempted by FIFRA, claims of a failure to warn about a defect of certain individual items are not foreclosed, nor are claims of negligence in testing, manufacturing or formulating pesticides. With this distinction in mind, we examine the implicated counts of the controlling master complaint in order to determine whether they are preempted by FIFRA.

### Count I—Strict Liability

■ The first count alleges that "[t]he Benlate produced and sold by DuPont was either defective, inadequately designed or [sic] failed to warn of its harmful properties or proper use, or all of the above." Master Complaint (M.C.) ¶ 24. To the extent that this count alleges that DuPont failed to warn about the fact that Benlate itself, in its EPA-approved form, is harmful or inadequately designed, the claim is preempted by FIFRA. Specifically, the allegations that Benlate was defective or inadequately designed can continue to be litigated, while the claim that DuPont failed to warn consumers about the defect or inadequate design is preempted.

### Count II—Negligence

■ The second claim alleges that DuPont negligently manufactured, distributed, tested and/or sold Benlate in a dangerous or defective condition. It also claims that DuPont "failed to advertise, and/or warn plaintiffs of, Benlate's proper use and/or its dangerous and/or defective conditions." M.C. ¶ 28h. Again, while plaintiffs may proceed with a claim that Benlate was negligently contaminated with atrazine, or that DuPont negligently failed to notify consumers about the contamination, or that DuPont was negligent in formulating Benlate, they cannot go forward with the allegation that DuPont failed to warn of the proper use of non-contaminated Benlate. The labelling which instructs users on the correct application of the fungicide has been evaluated by the EPA, pursuant to FIFRA, and cannot be revisited via a state law cause of action. Therefore, plain-

tiffs cannot continue with the claim in paragraph 28h of the complaint, while the remaining allegations in Count II can proceed to trial.

### Counts III and V—Breaches of Implied Warranties

■ Plaintiffs next charge that defendant breached the implied warranty of merchantability and an implied warranty of fitness for a particular purpose, by failing to provide a proper, non-defective product, labeled with adequate warning of its inherent dangers and proper use. Implied warranties are imposed upon manufacturers by state law and, therefore, such claims are preempted by FIFRA to the extent that they involve alleged inadequacies of federally approved packaging or labeling. *Papas v. Upjohn Co.*, 985 F.2d 516, 520 (11th Cir.1993). Any argument that DuPont failed to warn that unadulterated Benlate was not fit for ordinary or a particular purpose is preempted by FIFRA. More precisely, the allegation in paragraph 34, that "plaintiffs relied on DuPont's skill and judgment in providing a ... product, properly labeled with adequate warning of its inherent dangers and proper use" is preempted.

### Count IV—Express Warranty

■ Express warranties are different than implied warranties because express warranties are voluntarily imposed by the manufacturer, rather than by the state. Due to this distinction, express warranties cannot be preempted by federal law. *Cipollone, —— U.S. at ——, 112 S.Ct. at 2622–23.*

### Count VI—Fraud

■ Plaintiffs argument regarding fraud is that 1) DuPont knew about the defective state of Benlate, but continued to sell the product without disclosure of the defects; and 2) after the recall of some Benlate due to atrazine contamination, DuPont knew that the problems associated with Benlate were not caused by atrazine, but that the product itself was defective, and yet DuPont continued to advertise, distribute and sell the product without disclosure of the existence of the inherent defects.

Both of these arguments, then, allege that DuPont failed to warn plaintiffs of the inherent defects present in Benlate. If plaintiffs

are able to continue with their fraud allegations, they will in effect impose upon DuPont liability for failing to utilize different labels warning of problems with Benlate, as the product was intended to be sold. Such a cause of action cannot proceed without intruding on the realm which FIFRA allocated exclusively to federal control.

### Conclusion

Counts I, II, III, and V are **DISMISSED to the extent that they claim that defendant failed to warn plaintiffs about defects inherent to the Benlate product, as identified more specifically above.** Count VI is **DISMISSED entirely.** Defendant also argues that because there is no private right of action under FIFRA, the plaintiffs' attempt to assert such a claim in Count VII must be dismissed. Plaintiffs have acknowledged that no such private right of action is available; therefore; **the portion of the complaint which purports to establish a claim under FIFRA is DISMISSED.**[3]

**IT IS SO ORDERED.**

---

**3.** We understand that because FIFRA preempts any state law claims regarding failure to warn, while federal law does not provide a private right of action, plaintiffs have no redress for such an allegation. However, the federal scheme as enacted by Congress relies on federal agencies, not private litigants, to ensure the proper labeling and packaging of pesticides.