In re DUPONT–BENLATE LITIGATION.

No. 92–2363 (JAF).

United States District Court, D. Puerto Rico.

Feb. 7, 1995.

Patricia Garrity–Walkmaster, Jimenez, Graffam & Lausell, San Juan, PR, Susana Cortina–de–Cardenas, Hato Rey, PR, for plaintiffs Luis Rico–Lopez, Lillian Davidowitz–Rodriguez, wife of Luis Rico–Lopez, Conjugal Partnership Rico–Davidowitz, established by Luis Rico–Lopez and Lillian Davidowitz–Rodriguez.

Carlos A. Rodriguez–Vidal, Goldman, Antonetti & Cordova, San Juan, PR, for consolidated plaintiffs Carlos Juan Santana–Figueroa, Lydia Hernandez–Rodriguez, Conjugal Partnership Santana–Hernandez, Jose Rafael Medina–Fuertes, Blanca Iris Cordova–Diaz, Conjugal Partnership Medina–Cordova, Maria Nelsie Feliciano–Cedeno, Luis Carlos Flores, Maria Nelsie Flores, Leonardo Luis Flores, Floral Technology of Puerto Rico, Inc., Pedro Arroyo–Jimenez, Ada Passalacqua, Conjugal Partnership Arroyo–Passalacqua, Jorge Quiles–Rodriguez, Nydia Santiago–Berrios, Jorge A. Quiles–Santiago, Conjugal Partnership Quiles–Santiago, Glorimar Quiles–Santiago, Emmanuel Quiles–Santiago, Byron Pike, Kinue Chinen, Conjugal Partnership Pike–Chinen, Byron Pike Nursery, Fruits International, Inc., Jose Luis Rodriguez–Rivera, Ana Rosa Rivera–Agosto, Conjugal Partnership Rodriguez–Rivera, Ivan Lopez–Lopez, Armanda Rivera, Conjugal Partnership Lopez–Rivera, Santa Barbara Orchids, Rafael Perez–Nieves, Antonia Villanueva–Reyes, Finca Dona Elena, Carmen M. Mendoza–Mendez, Jose E. Mendoza, Conjugal Partnership Mendoza–Mendoza, Luis Alfredo Gonzalez–Virella, Julio M. Leon–Cotti, Claribel Chamorro, Conjugal Partnership Leon–Chamorro, Jardineria Leon, Emilio Martinez–Acevedo, Lucy Constanza–Lugo, Conjugal Partnership Martinez–Constanza, Jardines Ema Y Plantas La Mesa, Miguelin Santos–Rolon, Brenda Rivera–Soto, Conjugal Partnership Santos–Rivera, Jardin De Las Flores, Pedro J. Marrero–Ayala, Yolanda Marrero, C/P Marrero–Marrero, Coqui Gardens, Inc., Luis Roberto Carrasquillo, Migdalia Ortiz, Conjugal Partnership Carrasquillo–Ortiz, Jardines La Primavera, Luciano Fuertes-de-La-Habo, Finca San Diego, Ro-

berto Irizarry, Carmen Colon, Conjugal Partnership Irizarry–Colon, Rafael Jose Contrera, Carmen Minino, Dr. Juan Jose Perello, Flores Dominicanas, S.A., Mario Bobea–Billini, Maria J. DiFranco-de-Bobea, Juan Tolentino, Sarah Bermudez de Tolentino, Martin Capella–Bataller, Caguas Nurseries, Inc., Adolfo Gomez–Matta, Carmen Martinez–Roig, Conjugal Partnership Gomez–Martinez, Finca Las Tulipas, Inc., Luis Marchan–Matta, Jardin Galeria del Condado-Finca Hayales, Caribe Bromelias, Inc., Miguel A. Nieves–Matos, Milagros Encarnacion, Conjugal Partnership Nieves–Encarnacion, Angel T. Hernandez–Hernandez, Maria Del C. Ortiz–Labrador, Conjugal Partnership Hernandez–Ortiz, Guillermo Rivera–Cartagena, Elsa E. Colon, Conjugal Partnership Rivera–Colon, Jardin El Guayabal, Julio Gonzalez–Bonilla, Lourdes Rodriguez–Mateo, Conjugal Partnership of Gonzalez–Rodriguez, Plantas La Sabana, Rafael Milan–Nieves, Olga Marrero–Melendez, Conjugal Partnership Milan–Marrero, Jose E. Esteras–Bonilla, Norma T. Reyes–Colon, Conjugal Partnership Esteras–Reyes, Jardin Nuevo, Gladys Aviles–Geigel, La Nacional Productora Agricola, Inc. and/or Galo Corp., Edgardo Nevarez–Torres, Conjugal Partnership Nevarez–Nevarez, Madre Selva Landscaping, Edgard Moreira–Trenche, Sandra Rivera, Conjugal Partnership Moreira–Rivera, Plantas Moreira, Elaine Moreira–Rivera, Gilberto Vicens–Oliver, Carmen Antonio Peralta–Ramirez, Conjugal Partnership Vicens–Peralta, Villa Gilton Nurseri, Felicita Rios–Cartagena, Conjugal Partnership Espada–Rios, Finca la Espada, Orquideas Exoticas, S.A., Gerardus Michel Sjak–Shie, David Rolon–Rios, Yolanda Ortiz–Lopez, Conjugal Partnership Rolon–Ortiz, Jardin la Aldea, Pedro Martinez, Carmen Pura Perez, Conjugal Partnership Martinez–Perez, Francisco Vazquez–Rodriguez, Nelida Maldonado, Conjugal Partnership Vazquez–Maldonado, Juan Antonio Caldera–Rivera, Clara M. Suriel, Conjugal Partnership Caldera–Suriel, Edwin Ralat, El Cemi Tropical Plant, Mangorico, Inc., Huertos del Sur, Inc., Huertos de Coamo, Inc., Huertos del Caribe, Inc., HDC Management, Inc.

Carlos A. Rodriguez–Vidal, Goldman, Antonetti & Cordova, Eugenio C. Romero, Martinez, Odell & Calabria, San Juan, PR, for consolidated plaintiffs Miguel A. Lopez–Rivera, Carmen M. Cruz–Ortiz, Conjugal Partnership Lopez–Cruz.

Patricia Garrity–Walkmaster, Jimenez, Graffam & Lausell, San Juan, PR, for consolidated plaintiffs Rico Plants, Inc., Golden Delight, Inc., Finca Bananera, Costa De Azahar, Inc., Florico Foliage, Inc., John McComas, Jardines Eneida, Inc.

Manuel Martinez–Umpierre, Arecibo, PR, for consolidated plaintiffs Jesus Ostolazan, Antonio Ostolaza, Jose Ostolaza, Juan L. Marrero–Rullan, Pedro Vazquez, Vivero San Pablo.

Alvaro R. Calderon, Jr., Hato Rey, PR, for consolidated plaintiff Emilio Vergne–Rubio.

Susana Cortina-de-Cardenas, Hato Rey, PR, for consolidated plaintiffs Fajardo Greens, Inc., Rivera Greens, Inc., Empresas Puertorriguenas Agroindustriales, Inc., Bananera Bananito, Inc., Jose Frau–Sierra, Octavia Class–Sierra, Conjugal Partnership Frau–Class.

Carlos A. Rodriguez–Vidal, Goldman, Antonetti & Cordova, San Juan, PR, Benny F. Cerezo, Javier De-la-Luz-Gamarra, Law Offices of Benny Frankie Cerezo, Rio Piedras, PR, for consolidated plaintiff Mercedes A. Perello.

Carlos A. Rodriguez–Vidal, Goldman, Antonetti & Cordova, Juan H. Saavedra–Castro, San Juan, PR, for consolidated plaintiffs Manuel Caldera–Rivera, Conjugal Partnership Caldera–Alvarado, Jardin la Loma.

Guillermo J. Ramos–Luina, Hato Rey, PR, for consolidated plaintiff E.I. DuPont de Nemours & Co.

Michel Rachid–Pineiro, Latimer, Biaggi, Rachid, Rodriguez–Suris & Godreau, San Juan, PR, Ernesto F. Rodriguez–Suris, Hato Rey, PR, for consolidated plaintiff Madison Fletcher.

Eric A. Tulla, Rivera, Tulla & Ferrer, Hato Rey, PR, Ramon Coto–Ojeda, McConnell Valdes, San Juan, PR, Guillermo J. Ramos–Luina, Hato Rey, PR, William Anderson, Steven P. Taub, Crowell & Moring, Washington, DC, for defendant E.I. DuPont de Nemours & Co.

Jose R. Gonzalez–Irizarry, McConnell Valdes, San Juan, PR, for consolidated defendant Crawford & Co.

Jose G. Vivas, Vivas & Vivas, Ponce, PR, for consolidated defendant Sucesion J. Serrales, Inc.

Mildred Caban–Flores, Goldman, Antonetti & Cordova, San Juan, PR, for consolidated plaintiff Hugo Tolentino–Dipps.

### AMENDED OPINION AND ORDER

FUSTE, District Judge.

We address DuPont's motions to dismiss plaintiffs' claims in negligence, strict liability, and breach of implied warranty against hidden defects. *See Docket Document Nos. 240, 251, 257, 264, and 266.* Having carefully studied plaintiffs' motion in opposition and the relevant decisions by the Supreme Court of Puerto Rico, we deny defendant's motions. The trial will proceed under the negligence and strict liability counts.[1]

### I.

#### Facts

Plaintiffs, individual members of the horticultural industry of Puerto Rico and the Dominican Republic, have brought this diversity action against E.I. DuPont De Nemours and Company ("DuPont") in tort (under theories of negligence and strict liability) and contract (for breach of express and implied warranties against hidden defects) for defects in the design, manufacture, and labelling of the fungicide, Benlate 50 DF. Plaintiffs have alleged injury in the form of crop damage or destruction from the use of Benlate 50 DF. In addition, some plaintiffs have alleged the personal injury of emotional distress or mental and moral suffering.

Plaintiffs aver that they purchased and used Benlate 50 DF between 1989 and 1991. *See Master Complaint at 3, Docket Document No. 32.* They have also submitted letters indicating that some plaintiffs, such as Finca Bananera del Sur, Inc., had entered into extrajudicial settlement negotiations

with DuPont by mid–1992, the conclusion of which came on October 13, 1992, when DuPont denied the Finca Bananera claim. *See Informative Motion Supplementing Plaintiffs' Opposition to DuPont's Motion to Dismiss and Motion for Summary Judgment,* filed on October 20, 1994, *Exhibits 1–4, Docket Document No. 264.* Finca Bananera also secured a waiver of all statutes of limitations on actions arising from Benlate 50 DF during the specified period. *Id., Exhibit 2.* Plaintiffs assert that other growers participated in similar negotiations, received similar waivers of the applicable statutes of limitations, and had their claims denied within six months of the date on which they filed suit. *Id.*

This court has already dismissed those elements of plaintiffs' claims which would interfere with the regulatory framework of the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA). *See In re Dupont–Benlate Litigation,* 859 F.Supp. 619 (D.P.R. 1994). In particular, we have held that FIFRA preempts claims for fraud, failure to warn, and mislabelling of the fungicide. *Id.* The fraud count was dismissed in its entirety. *Id.* DuPont now seeks to dispense of the remaining claims.

We recognize in the defendant's motions a Schwarzkopf strategy to force plaintiffs to retreat to provisions of the Puerto Rico Civil and Commerce Codes, appeal which is subsequently foreclosed by a dyad of unforgiving statutes of limitation. We understand defendant's claims to be threefold:

(1) DuPont asserts that the implied warranty provision of the Puerto Rico Civil Code preempts plaintiffs' action in negligence and strict liability.

(2) Dupont argues that the doctrine of strict liability, as it has formed through the jurisprudence of the Supreme Court of Puerto Rico, is not available to plaintiffs who have sustained only purely economic injury.

(3) Defendant contends that plaintiffs are time-barred from proceeding with their action on Civil Code consideration of

---

1. Trial commenced on November 1, 1994. The terms of this order were orally presented to counsel before said date.

breach of implied warranty against hidden defects and Commerce Code provisions on implied warranty under a commercial sale contract.

We unwind the defendant's strategy by addressing first the claims of statutory prescription.

## II.

### *Standard of Review*

■ In considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept all well-pled factual averments of the non-movant as true. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 2576–77, 49 L.Ed.2d 493 (1976); *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962 (1st Cir.1993); *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). Accordingly, for purposes of DuPont's 12(b)(6) motion to dismiss, we presume the existence of a defect in the Benlate 50 DF as it was sold to plaintiffs.

■ Where the court's jurisdiction over the asserted claims arises from the diversity of the parties, the court applies the substantive law (and rules regarding choice of law) of the forum state. *See Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Erie Railroad Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Accordingly, we look to the law of Puerto Rico to determine which claims plaintiffs may properly bring before this court.

## III.

### *Warranty Claims*

Defendant argues that the warranty provisions of the Puerto Rico Commerce Code govern the plaintiffs' action for breach of warranty against hidden defects. Commerce Code, 1932, § 243, 10 L.P.R.A. App. 1, § 1701 (1976). In the alternative, DuPont submits that plaintiffs' action is controlled by the equivalent breach of warranty provision in the Puerto Rico Civil Code. Civil Code, 1930, § 1373, 31 L.P.R.A. § 3841 (1990). In each instance, DuPont asserts that the corresponding statutes of limitations bar the plaintiffs' claim. Commerce Code, 1932, § 260, 10 L.P.R.A. § 1718 (1976) (thirty days); Civil Code, 1930, § 1379, 31 L.P.R.A. § 3847 (1990) (six months).

■ We disagree with DuPont that the warranty provisions of the Puerto Rico Commerce Code govern plaintiffs' action. Section 243 of the Puerto Rico Commerce Code provides that:

> A purchase and sale of personal property for the purpose of resale, either in the form purchased or in a different form, for the purpose of deriving profit in the resale, shall be considered commercial.

Commerce Code, 1932, § 243, 10 L.P.R.A. App. 1, § 1701 (1976). Plaintiffs correctly argue that *Reece Corp. v. Ariela, Inc.*, 122 D.P.R. 270 (1988), a case involving the purchase and resale of parts for textile machinery, clearly controls in this case. In concluding that the Commerce Code did not govern the purchase and sale of the parts, the court reasoned that:

> In the commercial purchase and sale the purchaser is motivated by the double purpose of ultimately reselling the things purchased and obtaining a profit. Without this intention or purpose, the purchase and sale lacks the commercial character that distinguishes it from civil trade. Thus, the sale of the machinery or of its parts for industrial production is of a civil nature, inasmuch as the object is not destined for resale, but for the consumption of the purchaser.... The parts that Reece bought from Ariela were to be used for the consumption and use of his own business and not for profitable resale.

122 D.P.R. at 276–77 (translation by the court). Like *Reece*, plaintiffs in this case purchased the defective item for use in the production process, not for profitable resale.

Defendant argues that *Buena Vista Dairy, Inc. v. Francisco Aponte Labrador*, 108 P.R.R. 698 (Official Translations) (1979), establishes that items purchased for use in the course of a business are purchased for the purpose of resale within the meaning of Section 243. In *Buena Vista*, defendant Aponte purchased a truck from the plaintiff inciden-

tal to an agreement to purchase and resell milk from plaintiff's dairy. When defendant failed to pay Buena Vista as contractually agreed, Buena Vista sued for collection of money on the entire debt accrued from milk purchases and from the purchase of the truck. The Superior Court of Puerto Rico dismissed the action finding that the moneys were not due and owing and, therefore, the action was premature. The trial court characterized the transaction as a current account and, consequently, the defendant had not violated the terms of the agreement because the debts were not due and owing at the time the suit was filed. *Buena Vista*, 108 P.R.R. at 699, 701–02 (Official Translations). The Supreme Court of Puerto Rico characterized the contract as a commercial contract where money was due and owing. First, the purchase of milk was for resale purposes. Second, the purchase of the truck, although not facially commercial in nature, was a commercial act between merchants because it was an accessory and complementary obligation to the purchase of milk for resale. Thus, under section 2 of the Commerce Code, 10 L.P.R.A. § 2 (1976), the purchase of the truck, by its accessorial nature, also became a commercial transaction. *Id.* at 700 (Official Translations).

Unlike *Buena Vista*, however, the purchase and sale of Benlate is not "accessory" or "complementary" to another commercial obligation between plaintiffs and DuPont. We cannot read the language of *Buena Vista* to apply the Commerce Code to the purchase and sale of any item used "in the course of business" without running aground on the reasoning of *Reece*. Moreover, we think it certain that the Supreme Court of Puerto Rico would prefer an interpretation of *Buena Vista* which, in acknowledging the peculiar facts of that case, leaves *Buena Vista* and *Reece* in harmony. Both cases are good law and totally compatible one with the other.[2] Lacking the requisite motivation to profit by the resale of Benlate 50 DF, defendant cannot claim refuge in the thirty-day time-for-suit provision under the Commerce Code.

■ Alternatively, defendant argues that the provision of the Puerto Rico Civil Code which creates an implied warranty against hidden product defects governs the plaintiffs' purchase of Benlate 50 DF. The parties agree that plaintiffs' purchase of Benlate is a purchase and sale for purposes of Part IV of the Puerto Rico Civil Code.[3] Assuming, as we do, that Benlate 50 DF has the defects alleged by plaintiffs, we do not doubt that plaintiffs would have had a cause of action under section 1375 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3843 (1990), for defendant's breach of the implied warranty against hidden product defects. We note, however, that an action for breach of implied warranty does not afford plaintiffs their desired remedy. Plaintiffs do not seek recision under section 1375 of the Civil Code, 31 L.P.R.A. § 3843 (1990). Neither may plaintiffs seek damages under sections 1373 and 1375 of the Civil Code, 31 L.P.R.A. §§ 3841 and 3843 (1990), where, as here, FIFRA preempts state law claims based on a failure to warn. Here, we have confirmed the obvious: The complaint was drafted following a model produced by stateside Benlate litigation, borrowing implied-and-express-warranty-claims language from Uniform Commercial Code common law jurisdictions. Puerto Rico law, however, does not afford them any effective remedy under implied and express warranty considerations, leaving plaintiffs with incongruous claims for relief.[4]

**2.** Neither is Benlate a raw material from which another product is fabricated. *See Defendant's Motion for Summary Judgment Dismissing the Warranty Claims on the Grounds That They Are Time-barred, at 7, Docket Document No. 251.*

The language of the statute clearly covers cases in which the production process involves a mere transformation in the form of the purchased item. Here, the purchased item is itself consumed in the production process. We find no language to support the proposition that "resale" survives a change in the substance itself.

**3.** Section 1348 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3741 (1990), provides:

By a contract of purchase and sale one of the contracting parties binds himself to deliver a specified thing and the other to pay a certain price therefor in money or in something representing the same.

**4.** The court realized that plaintiffs' complaint did not make much sense by pleading contractual implied warranty and negligence with strict liability. Under negligence and strict liability, damages proved are immediately recoverable.

## IV.

### *Economic Loss*

Defendant argues that the doctrine of strict liability, as it has formed through the jurisprudence of the Supreme Court of Puerto Rico, is not available to plaintiffs who have sustained only purely economic injury. DuPont claims, therefore, that plaintiffs' crop damage does not entitle them to bring an action in strict liability.

■ Our analysis of DuPont's argument begins with the observation that the doctrine of strict products liability in Puerto Rico is a jurisprudential embellishment by the Supreme Court of Puerto Rico of the basic statutory tort action contained in Section 1803 of the Puerto Rico Civil Code. Civil Code, 1930, § 1803, 31 L.P.R.A. § 5142 (1990). Though Puerto Rico originally borrowed its doctrine of strict liability from California's *Greenman v. Yuba Power Products, Inc.*, 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1963), the case of *Guevara v. Dorsey Labs*, 845 F.2d 364 (1st Cir.1988), makes it clear that the courts of Puerto Rico will rely only as a last resort upon precedent from other jurisdictions in addressing unsettled areas of strict liability jurisprudence. *See Federal Insurance Co. I.C. v. Banco de Ponce*, 751 F.2d 38, 40 (1st Cir.1984); *Reyes–Cardona v. J.C. Penney Co., Inc.*, 694 F.2d 894, 896 (1st Cir.1982). *See also Rivera–Pérez v. Cruz–Corchado*, 119 D.P.R. 8, 15 (1987); *General Office Prods. v. A.M. Capen's Sons*, 115 P.R.R. 727 (Official Translations), 115 D.P.R. 554 (1984); *Valle v. American Inter. Ins. Co.*, 108 P.R.R. 735 (Official Translations), 108 D.P.R. 692 (1979); *Gierbolini v. Employers Fire Ins. Co.*, 104 P.R.R. 1197 (Official Translations), 104 D.P.R. 853 (1976). We, therefore, decline DuPont's invitation to borrow broadly from state jurisprudence regarding strict products liability. We look instead to the jurisprudence of the Supreme Court of Puerto Rico.

■ Defendant has not cited, and we have not discovered, any Puerto Rico case in which the court has denied an action in strict products liability because the plaintiff has suffered no personal injury. Instead, we understand *National Car Rental, Inc. v. Caribe Motors, Inc.*, 104 P.R.R. 106 (Official Translations) (1975), to have employed the doctrine of strict products liability in a case involving only property damage. *See Montero Saldaña v. American Motors Corp.*, 107 P.R.R. 501, 508 (Official Translations) (1978), citing with approval the *National Car Rental* decision. Moreover, we have found no language in the strict products liability cases cited by defendant which limits the availability of the doctrine to cases of personal injury or which foreclose the application of the doctrine of strict liability in property damage cases. Instead, we note that the public policy arguments cited by the various courts justify the application of the doctrine of strict products liability even in cases of economic injury associated with physical harm to property.[5] *See National Car Rental, Inc. v. Caribe Motors, Inc.*, 104 P.R.R. 106 (Official Translations) (1975); *see also Carmen Milagros Rivera Santa v. Superior Packaging, Inc.*, 92 J.T.S. 165, 10163 (1992); *Montero Saldaña*, 107 P.R.R. at 505, 508 (Official Translations). While the countervailing public policy arguments marshalled by defendants may have weight in other jurisdictions, we are not in a

---

Under contractual implied warranty, the purchaser may choose to rescind the contract or request a reduction in price. This option excludes damages. Only if the seller knew of the faults or hidden defects and did not give notice thereof to the purchaser, is the seller obliged to pay losses and damages if the purchaser elects rescission. Article 1375 of the Civil Code, 31 L.P.R.A. § 3843 (1990).

The matter was discussed with counsel at a lengthy telephone conference. Counsel for plaintiffs confirmed that the genesis of the implied warranty count was a complaint from another jurisdiction used as a form to prepare the one filed here. Plaintiffs confirmed that they were not interested in rescission of the contract for purchase of Benlate 50 DF and were not interested in a reduction in price. Consequently, the only logical cause of action would be one for negligence and strict liability.

5. The Comment to Restatement (Second) of Torts § 402A, clearly confirms that strict liability principles "[a]ppl[y] also to products which, if they are defective, may be expected to and do cause only 'physical harm' in the form of damage to the user's land or chattels, as in the case of animal feed or a herbicide." Restatement (Second) of Torts § 402A cmt. d (1965).

position to impose the reasoning of those cases upon the courts of Puerto Rico.

## V.

### Choice of Law

DuPont also contends that *Kali Seafood, Inc. v. Howe Corp.*, 887 F.2d 7 (1st Cir.1989), and its progeny, prevent plaintiffs from bringing a suit under the doctrines of strict liability or negligence if they are time-barred from bringing the same suit under the implied warranty provision of the Puerto Rico Civil Code. In addition, defendant argues that plaintiffs cannot bring a more general action in tort where the legislature has provided a specific statutory remedy in contract for the specific type of injury of which plaintiffs complain. Both of the defendant's contentions raise choice of law questions which we now address.

We begin with the observation that, as in other jurisdictions, under the laws of Puerto Rico, plaintiffs may ordinarily elect their remedy. Herminio M. Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico* 44 (1986). In particular, *Márquez v. Torres Campo*, 111 P.R.R. 1088 (Official Translations) (1982), and *Kali* establish that an affected purchaser may choose to bring one or several general actions in addition to or in substitution for a special warranty action for hidden defects so long as the plaintiff does not, "use the general action to evade the applicable rules related to the special action that are incompatible with the provisions of the general action." *Márquez*, 111 P.R.R. at 1103 (Official Translations). We believe that, for purposes of *Márquez* and *Kali*, no such incompatibility exists between the plaintiffs' action in tort and an action for breach of the implied warranty against hidden defects.[6]

### A. Negligence

An action in negligence poses no threat of eviscerating the implied warranty against hidden defects. A defendant who can avoid the task of showing negligence with a showing of foreknowledge would certainly opt to proceed under the special statute (e.g., for failure to warn). Alternatively, a defendant who cannot show foreknowledge may still wish to proceed in negligence (e.g., for failure to adequately inspect). Neither provision serves as an end run around the other.

### B. Strict Liability

Assessing the compatibility of an action for breach of implied warranty and an action under the doctrine of strict products liability requires both a more detailed analysis of law and a measure of common sense. We agree with the court in *Mendoza v. Cervecería Corona*, 97 P.R.R. 487 (Official Translations) (1969), that a look at the legal history of products liability proves most enlightening. Like Spain, England, and the United States, Puerto Rico first began its evolution toward a doctrine of strict products liability by creating an implied warranty against hidden product defects. These implied warranties were intended to spare plaintiffs the difficult task of proving that the product defect resulted from the defendant's negligence. Unfortunately, these early doctrines of implied warranty failed to stem the tide of defective products because the law conditioned the availability of a suit for breach of implied warranty upon the existence of privity between the plaintiff and the manufacturer.[7] Given this privity requirement, it should hardly prove surprising that the Puerto Rico implied warranty provision, adopted in its current form in 1902, appears in the pur-

---

**6.** *Kali* contemplates a purely contractual scenario. The complaint in *Kali* did not plead negligence. *See* 887 F.2d at 8–9 and n. 3. *Kali* only proscribes invoking the general time-for-suit provision of fifteen years contemplated in article 1864 of the Civil Code, 31 L.P.R.A. § 5294 (1990), when a specific controlling statute provides a shorter time-for-suit provision. *See* sec. 1379 of the Civil Code, 31 L.P.R.A. § 3847 (1990) (six months). The present case is different from *Kali* in that here, plaintiffs pled contractual and

negligence causes of action to later elect one of the remedies. The elected remedy, under its controlling one year time-for-suit provision, is not time-barred. *See* sec. 1868 of the Civil Code, 31 L.P.R.A. § 5298 (1990).

**7.** In the present case, plaintiffs purchased Benlate from different sources which, in turn, had purchased the product from DuPont's distributor or elsewhere.

chase and sale chapter of the Puerto Rico Civil Code. Neither should it prove surprising that, in its infancy, the products liability doctrine of Puerto Rico made damages available only in the egregious situation where the defendant knew of the product defect at the time of sale. *See* Civil Code, 1930, § 1375, 31 L.P.R.A. § 3843 (1990).

In 1953, the Supreme Court of Puerto Rico first recognized the inadequacy of the implied warranty provision of the Civil Code, when it jurisprudentially created an additional implied warranty cause of action in *Castro v. Payco, Inc.*, 75 P.R.R. 59 (Official Translations) (1953). Importantly, the court there clearly indicated that its implied warranty action would lie in addition to or in place of an action under the Civil Code implied warranty against hidden defects. The court clearly acknowledged for the first time that, owing to the inadequacy of the remedy available under the Civil Code provision, the implied warranty against hidden defects should not provide the exclusive remedy for injury arising from product defects.

In 1969, the Supreme Court of Puerto Rico, in *Mendoza*, finally banished the requirement of privity by adopting the modern doctrine of strict products liability from *Greenman v. Yuba Power Products, Inc.*, 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1962). Having eliminated the requirement of privity, the court placed the doctrine of strict products liability firmly in the realm of tort. *Montero Saldaña*, 107 P.R.R. at 508 (Official Translations). In Puerto Rico, such judicially-created tort actions exist under section 1802 of the Civil Code, 31 L.P.R.A. § 5141 (1990). Actions brought under section 1802 have a statutory period of limitations of one year from the date that the injury is discovered. Civil Code, 1930, § 1868, 31 L.P.R.A. § 5298 (1990). The time-for-suit provision may be extended by the agreement of the parties or by extrajudicial claims. Civil Code, 1930, § 1873, 31 L.P.R.A. § 5303 (1990).

In demanding that plaintiffs seek their remedy solely under the contractual implied warranty against hidden defects, defendant invites us to eviscerate the Puerto Rico doctrine of negligence and strict products liability adopted in *Castro* and *Mendoza*, forcing plaintiffs in privity to plead their causes of action and accept their remedies solely under the Civil Code purchase-and-sale provisions. We have neither the power nor the inclination to do so. Strange indeed would be the doctrine that we would thereby create, granting less of a remedy to parties in privity than to those without privity to secure damages for injury from defective products.

Moreover, we think that such an action would be inconsistent with the letter or spirit of *Kali* and the Puerto Rico case law cited here. Although plaintiffs borrowed from a complaint and brought an action for damages under the implied warranty provision of the Civil Code when they could recover damages in tort without a showing of foreknowledge, this does not mean that their complaint forecloses negligence and tort liability, if properly pled. If plaintiffs desired recision, they could plead under the implied warranty provision, but, as we know, that is not their actual desired relief. Plaintiffs are not here attempting to evade the requirements of the implied warranty statute, a maneuver prohibited by *Kali*. They are merely attempting to avail themselves of more modern products liability damage provisions available elsewhere in the Civil Code. We do not, therefore, bind plaintiff to the six-month statutory period, the demand for recision, or the foreknowledge requirements of sections 1373 and 1375, 31 L.P.R.A. §§ 3841 and 3843 (1990), forbidding them from seeking damages under the modern doctrine of negligence and strict products liability.

## VI.

### *Conclusion*

The motion to dismiss the complaint on time-for-suit considerations under the Puerto Rico Commerce and Civil Codes is **DENIED** (commercial purchase-sale and civil implied warranties). The plaintiffs will **immediately** confirm their decision to proceed under the negligence and strict liability counts. Economic loss does not bar recovery on strict liability considerations when accompanied by physical harm to personal property.

**IT IS SO ORDERED.**